## COBB *v.* CLARK COMPANY.

1. Suit for negligent failure to perform an implied duty growing out of a contract relation can not be maintained against one upon whom such duty does not rest.
2. There is no error in refusing to allow a petition to be amended by adding a new and distinct cause of action.

Argued July 9, — Decided August 12, 1903. Rehearing denied August 14, 1903.

Action for damages. Before Judge Calhoun. City court of Atlanta. November 10, 1902.

*L. J. Langley* and *W. H. Terrell,* for plaintiff.

*L. Z. Rosser,* for defendant.

SIMMONS, C. J.　An action for damages was brought by Cobb against The C. Everett Clark Company, a corporation. The petition

alleged that the plaintiff, from August 9, 1900, to the date of the filing of the petition, was the owner of a certain saloon ; adjoining this saloon was a two-story brick building upon which the Empire Building Trust has since erected a new building; in order to erect the new building it was necessary to tear down an old building already upon the lot, and also to remove a line wall between it and the plaintiff's saloon; on August 9, 1900, plaintiff and the building trust entered into a written contract by which, for a money consideration, the building trust was given the right to enter upon plaintiff's premises, take down the old line wall, and erect in its stead a party-wall, first erecting a temporary studding wall which was to be removed as soon as the new party-wall reached a specified height; by this contract the building trust or its contractor was also to be permitted to move the furniture and fixtures of the plaintiff across his saloon, replacing them in as good condition when the party wall had reached the specified height and had been properly finished on plaintiff's side; the plaintiff by this contract waived all claims for damages against the other contracting party, its contractor, agents, servants and employees, on account of this work or of the interference with his business and premises; the defendant erected the new building for the building trust and constructed the temporary studding wall in such a negligent and unworkmanlike manner and of such flimsy material that from August 9, 1900, to January 13, 1901, the rain poured in on plaintiff's furniture and fixtures and greatly damaged them ; in moving plaintiff's furniture and fixtures, defendant handled them so carelessly and negligently that they were thereby damaged. Damages were claimed in the sum of $2,500. The plaintiff sought to amend this petition by alleging that the new building was of the height of fourteen stories, and that defendant, in the course of its construction, had negligently and carelessly dropped from it to the roof of plaintiff's saloon bricks, bolts, planks, tools and other articles ; that by reason thereof the roof of plaintiff's saloon was made to leak and that the rain, coming in through the roof, had damaged plaintiff's furniture and fixtures and rendered his place of business unfit for the transaction of business. This amendment further alleged that the defendant was careless and negligent in not erecting a scaffold or barrier to protect plaintiff's roof. The judge declined to allow this amendment, and, on motion, dismissed the petition upon the ground that

it set forth no cause of action.  To both of these rulings the plaintiff excepted.

1. It was contended by counsel for the defendant in error that the cause of action originally sued on was in contract.  If this is true, of course the suit should have been against the contracting party, and not against the contractor who was not bound by the contract.  We think, however, that the suit was in tort for a negligent failure to perform a duty arising out of the contract relation. When the building trust, through its contractor, entered the premises of the plaintiff to do the work permitted under the contract with plaintiff, it was under a duty to do this work in a diligent and workmanlike manner, and a failure in this duty was a tort.  The defendant was not a party to this contract, and no duty arising out of it was imposed upon the defendant.  The suit should have been against the person on whom the duty rested, the only person who could be liable for a failure in this duty.  The suit can not be maintained against the defendant, who was not a party to the contract; for the incidental duties arising out of the contract were imposed upon the contracting party, and not upon the defendant.  So far as appears, there was no obligation upon the defendant to provide a suitable studding wall, or to move the plaintiff's fixtures in such manner as not to injure them.  The defendant may have been expressly employed by the building trust to do just exactly what was done.  The incidental duties arising out of the contract, like the contract obligations, were binding upon the contracting parties, but not upon one who was a stranger to that contract.  The petition in the present case set out no cause of action against the defendant, and the demurrer was properly sustained.

2. The amendment offered by the plaintiff set out a new cause of action not at all germane to the original suit.  The original suit proceeded upon the theory of a negligent failure to perform certain duties growing out of a contract relation, while the amendment, sought to recover for a trespass by the defendant as a stranger, independently of any contract or contract relation.  Civil Code, § 5099.  There was no error in refusing to allow the amendment.

*Judgment affirmed.  By five Justices.*