# CENTRAL BANK & TRUST CORPORATION, trustee, *et al.* *v.* PIEDMONT PORTLAND CEMENT COMPANY *et al.*

Where a petition was filed against a domestic· corporation by certain of its stockholders, praying for injunction, receiver, etc., which prayers were granted, and a trustee, under a mortgage or trust deed executed by the corporation to secure the principal and interest of certain bonds issued by it, filed an intervention in the suit for the purpose of foreclosing the mortgage on account of default in the payment of interest on the bonds, and the intervention was allowed, the mortgage foreclosed, the entire property of the corporation sold, and the proceeds distributed under a consent verdict and decree, it was error later to allow another intervention on behalf of certain other stockholders who were not creditors of the corporation, alleging facts which made a cause of action against the directors of the defendant corporation, jointly and severally, having for its purpose the recovery of a money judgment against them personally on account of certain alleged acts fraudulent and ultra vires, and misfeasance and malfeasance in the management of the corporation, whereby the directors would acquire valuable property in its assets, to the exclusion of the intervenors. Such intervention set up a new cause of action and introduced new parties to the original suit, after final termination of the litigation. Whether a separate suit can be maintained against the directors for the purpose named is not involved in the present case.

No. 57. November 14, 1917.

Receivership and intervention. Before Judge Ellis. Fulton superior court. November 3, 1916.

A petition was filed against a corporation by certain of its stockholders, praying for injunction and receiver; and receivers were appointed. An ancillary proceeding filed by the receivers, to make certain parties defendant to the pending litigation, was dismissed

by the court. A number of interventions were allowed, making parties plaintiff certain creditors of the corporation, who sought the payment of their various debts against the corporation or its receivers. As a result of the final verdict and decree in the original suit, the claims of all the intervening creditor plaintiffs (except the claim of the trustee for the holders of bonds issued by the corporation) were settled in full, and they have no further interest in the litigation. Later the trustee just mentioned filed an intervention to foreclose a mortgage upon all of the property of the defendant corporation, for the purpose of having paid certain bonds of the corporation, with interest and attorney's fees. This intervention was allowed. The original cause was referred to an auditor, who filed a report to the effect that he had not heard evidence upon the issues involved, for the reason that all parties to the original suit had settled their differences and had taken a consent verdict and decree. This verdict and decree provided for the sale of all the property and assets of the defendant corporation, and for the distribution of all the proceeds of the sale in the manner agreed upon. Accordingly the receivers did sell all of the assets of the defendant corporation for $80,500, and the sale was ratified by the court. The proceeds of the sale were distributed and paid out as provided by the verdict and decree, "except a small sum." After the payment of all the obligations which were declared by the verdict and decree to be superior to the bonds, there was credited to the bondholders about $25,000, leaving outstanding and unpaid the balance of the amount due to them, as fixed by the verdict and decree.

Subsequently Mary T. Sharp and others presented a petition to the judge of the superior court, asking to have made parties certain named persons who were parties plaintiff to the original action; alleging that the board of directors and officers of the defendant corporation, naming them, had defrauded the corporation and petitioners by illegal disposal of the stock of the corporation; and praying that the receivers of the corporation be ordered to take charge of the prosecution of this intervention, that funds in their hands, received from the sale of the property of the corporation, be set aside in a sufficient amount to pay the cost of the litigation, that judgment be rendered against the directors and officers of the corporation for the face value of the stock, with inter-

est, to be distributed to the intervenors and all other stockholders similarly situated, and that one of the receivers named be discharged by reason of charges made against him in the intervention. A rule nisi was granted; and the parties thus proceeded against, as well as the trustee, showed cause by answers in the nature of general demurrers setting forth why the intervention should not be allowed, alleging, among other things, that the original action in which the petitioners were seeking to intervene had been disposed of by verdict and decree, that parties to the original suit could not be made, nor could new and distinct issues between new and distinct parties be tried. An amendment was offered, enlarging and amplifying the allegations of fraud committed by the officers and directors of the corporation, and praying that judgment be rendered against them and each of them in the sum of $400,000, together with interest, in favor of the receivers, for distribution to creditors and intervenors and all other stockholders or others similarly situated and entitled. The demurrers and motions to dismiss the intervention were overruled, and the receivers were authorized and directed to bring suit as prayed for. Exceptions were taken to these rulings, to the order allowing the intervention, to the order overruling a motion to revoke the order allowing the intervention, and to that part of the judgment which is as follows: "It being the opinion of the court that there are no funds in the hands of the receivers properly available to pay costs and fees as prayed to be allowed for bringing these suits, it is ordered that upon depositing with the clerk of this court a sum sufficient to meet the court costs which may accrue under this additional litigation, and any arrangement satisfactory to the intervenors and their counsel shall be made between them, by which counsel for the intervenors will bring the suits, then the receivers are authorized and directed to bring the suits, as prayed for."

*Candler, Thomson & Hirsch,* and *Rosser, Slaton, Phillips & Hopkins,* for plaintiffs in error.

*J. L. Anderson, C. N. Anderson, Holbrook & Corbett, Harrison Jones,* and *Hewlett & Dennis,* contra.

HILL, J. From the foregoing statement of facts it appears that the original petition was neither a creditors' bill, nor a stockholders' bill, nor a bill to marshal the assets of the corporation.

If it were, section 5408 of the Civil Code might apply. That section is as follows: "Any person claiming equitable relief may make all necessary parties to secure equitable relief, either at the beginning of his suit or afterwards by amendment; and may make amendments in matter of form or substance." The order of the court to which exception is taken was improperly granted. The litigation growing out of the original petition and amendments and answers thereto had culminated in a final consent verdict and decree, the terms of which had been complied with, and the litigation between the parties finally ended. There was nothing in the original pleadings to indicate a purpose to wind up the corporation; and this last intervention, with new parties and new subject-matter, is not germane to the original suit and sets up a new and distinct cause of action — that of recovering damages from the directors of the corporation for alleged fraudulent and ultra vires acts, and malfeasance in securing assets of the corporation to themselves, to the exclusion of the intervenors, after final termination of the litigation. It will be borne in mind that the original suit proceeded against the Piedmont Portland Cement Company (the debtor corporation) for the purpose of foreclosing a mortgage against it and disposing of its assets, both of which culminated in a decree which by agreement contained provisions for payments of claims superior to the mortgage. After this had been done, we do not see how the character of the suit can be changed and the directors made parties *defendant*, with the sole object of holding them *personally* liable on issues which are entirely foreign to those of the original litigation, *which has terminated.* See *Real Estate Bank & Trust Co.* v. *Baldwin Locomotive Works,* 145 *Ga.* 105 (88 S. E. 584). The petition as amended has accomplished the purpose for which it was originally brought. If there was anything in the original petition which charged the directors with fraud, or malfeasance or misfeasance, or ultra vires acts, and which sought to hold them personally liable, such charges were stricken by order of the court, and there was no exception to this order. It is true that it was afterwards sought to reinstate these charges; but the court declined to allow this, and no exception was taken to this ruling. The original suit as amended was in its essence one to foreclose a mortgage and to obtain a receivership, etc. Receivers were appointed to take charge of the property pending

the foreclosure proceedings, and to sell it as a result of the foreclosure, and to pay out the proceeds of the property under final verdict and decree. This was done. It was not a suit in the interests of all parties who might have claims of one sort or another. Sharp and others, the intervenors, were not creditors of the corporation, but were stockholders, and the original suit was not instituted by the present intervenors. It was between the mortgagor and the mortgagees; and while our law is liberal in allowing amendments to pleadings, it has never gone to the extent of allowing amendments which set up an entirely new cause of action, or introduce new and distinct parties, after final termination of the litigation. Whether a separate and distinct suit could be maintained against the directors of the corporation for the reasons set out in the intervention is not involved in the present cause.          *Judgment reversed. All the Justices concur.*