## HORNE *v.* SKINNER.

No. 16947. FEBRUARY 13, 1950.

*John H. Land* and *Ed Wohlwender Jr.*, for plaintiff.
*O. N. Singleton*, for defendant.

ALMAND, Justice.   J. E. Horne and T. P. Melton filed an action against W. M. Skinner, seeking money judgments and equitable relief.   The petition alleged:   Horne, the owner of a certain tract of land, by written contract sold all the pine and poplar timber thereon to Melton.   Under the contract, a copy of which was attached to the petition, Melton had the right to cut trees in excess of a designated diameter, and he agreed to cut no trees within 100 yards of the Horne residence and two lakes on the tract.   The defendant made an agreement with Melton as to the cutting of the timber, wherein he agreed to the terms of the written contract between Horne and Melton; and notwithstanding his agreement with Melton, the defendant has violated the terms of the written contract by cutting timber within 100 yards of the residence and two lakes, and also has damaged the real estate of Horne, and has failed to pay Melton a specific sum for the timber which had been removed from the tract.   Skinner is insolvent, and the plaintiffs' damage is irreparable.   Horne prayed for damages in the sum of $1000 for the cutting of the timber in violation of the contract, and damages of $2000 for injuries to the real estate.   Melton prayed for a

judgment for $500 for timber which had been cut and not paid for. Both plaintiffs prayed that the defendant be enjoined from further cutting of timber on the land, and from committing acts of trespass.

After the defendant filed general and special demurrers, the plaintiffs filed an amendment, striking Melton as a party plaintiff, and striking all allegations as to the timber-sale contract between Horne and Melton and the one between Melton and Skinner, and the substituted petition is a cause at law charging the defendant with being a wilful trespasser upon the land of Horne. As amended, the petition prayed damages in the sum of $3000 for the cutting of the trees and for injuries to the real estate; and that the defendant be enjoined from committing further trespasses. The defendant demurred generally and specially to the petition as amended, the grounds of general demurrer being: (a) no cause of action being set out in the original petition, there was nothing to amend; (b) the amendment changes the cause of action; (c) the amendment sets up a separate cause of action; and (d) the petition as amended sets out no cause of action. The general and special demurrers were sustained and the case dismissed, and Horne, the plaintiff, excepted.

A motion was made to dismiss the bill of exceptions, based on the failure of the trial judge to require that reasonable notice be given to the defendant in error or his counsel before certifying the bill of exceptions, as provided for in Rule 7 of the Rules of Appellate Procedure (Ga. L. 1946, pp. 726, 736, Code, Ann. Supp., § 6-908 (1)). Rule 12 (Ga. L. 1946, pp. 726,739, Code (Ann.) Supp.), § 6-909) provides that the action or non-action of the trial judge in requiring notice under Rule 7 is not reviewable. It follows that this court is without authority to consider the question raised in the motion to dismiss.

The trial judge properly sustained the general demurrer. The original suit was an action at law by Horne and Melton to recover damages for the negligent violation of a contract. The equitable relief by way of injunction was ancillary to the action for damages, to prevent the defendant from further violating the contract. The substituted petition was an action at law by Horne to recover damages by reason of a wilful trespass

in the cutting of timber on the land of Horne, and to enjoin the defendant from committing further wilful trespasses. The original petition was a case ex contractu; the substitute action was one ex delicto. Such substitution of causes of action by amendment is not permissible under our rules of pleading. Code, § 81-1303. Compare *Shepherd* v. *Southern Pine Co.*, 118 *Ga.* 292 (2) (45 S. E. 220); *Cobb* v. *Clark Co.*, 118 *Ga.* 483 (2) (45 S. E. 305); *Jenkins* v. *Lane*, 154 *Ga.* 454 (1, d) (115 S. E. 126); *Central Bank & Trust Corp.* v. *Piedmont Portland Cement Co.*, 147 *Ga.* 330 (94 S. E. 308); *Magid* v. *Byrd*, 164 *Ga.* 609 (3) (139 S. E. 61).

There was no error in sustaining the demurrer and dismissing the amended petition.

*Judgment affirmed. All the Justices concur.*