LEE *v.* AUSTIN.

ALMAND, Justice. C. M. Austin in his declaration in attachment alleged: that Herman G. Lee was indebted to him in the sum of $1000 plus interest, because of the breach of a covenant of warranty; that on May 8, 1951, by written contract, the defendant sold to the plaintiff all of the pine timber suitable for sawmill purposes and pulp wood on a described tract of land for $1000, which was paid, and warranted the title to the timber; that after the sale the plaintiff discovered that another person owned a one-fourth interest in the land and timber, and that there was outstanding a debt secured by a security deed against the tract of land, thus setting up a paramount title in another, and by reason of the condition of the title the plaintiff was prevented from entering upon the land and cutting the timber; and that, upon the defendant's refusal to accept the plaintiff's offer to reconvey the property, the plaintiff demanded that the defendant either perfect the title or refund the purchase money, which demand was refused. The prayers were for a money judgment of $1000 and interest, and that the judgment be declared to be a lien on the defendant's interest in the land. The defendant filed a general demurrer to the declaration. Subsequently the plaintiff filed an amendment to the declaration, which in

substance alleged: The defendant, on or about May 1, 1951, represented to the plaintiff that he owned in fee simple a tract of land containing 413 acres, and offered to sell the timber thereon for $1000. Thereafter the plaintiff bought the timber and paid the defendant the agreed price of $1000, and the defendant executed a deed conveying the fee-simple interest in the timber on the tract. Before the signing of the deed the defendant represented that there was no lien outstanding against the property. After the plaintiff started cutting the timber, he learned that the defendant did not own the timber or any part of the land; that the land on which was located the timber he thought he was buying was subject to a loan deed. By virtue of the false and fraudulent representations of the defendant, the plaintiff has been defrauded of $1000. The prayers of the amendment were that the contract of sale be rescinded and canceled, and for a judgment for $1000 plus interest, with a lien against the property. The defendant demurred generally and specially to the amended declaration, and moved to strike the amendment as setting up a new, separate, and inconsistent cause of action. The general demurrer to the original declaration, and the demurrer to the declaration as amended being overruled, the case is here on exceptions to these orders. *Held:*

1. As against the general demurrer, the allegations of the original declaration as to an outstanding paramount title in a third person were sufficient to set forth a cause of action to recover damages by reason of the breach of a covenant of warranty of title to land and the timber thereon. Code, §§ 29-304, 29-306, 20-1412; *Osburn* v. *Pritchard,* 104 *Ga.* 145 (30 S. E. 656); *Lowery* v. *Yawn,* 111 *Ga.* 61 (36 S. E. 294).

2. An action for the breach of an express contract cannot by amendment be converted into an action for a tort. Code, § 81-1303; *Horne* v. *Skinner,* 206 *Ga.* 491 (2) (57 S. E. 2d, 576). In the instant case, the plaintiff in his original declaration sought to recover damages by virtue of the breach of a warranty of title to the land and timber; and in the amendment he seeks to rescind and cancel the sale on account of false and fraudulent representations of the defendant which induced the sale, and to recover the purchase price as damages. As amended, the declaration was subject to the objection that it set up a cause of action distinct from and inconsistent with that alleged in the original declaration; and the court erred in overruling the demurrer to the amended declaration. *Horton* v. *Smith,* 115 *Ga.* 66 (1) (41 S. E. 253); *Wardlaw* v. *Wardlaw,* 185 *Ga.* 181 (194 S. E. 187).

*Judgment affirmed in part and reversed in part. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18155. SUBMITTED MARCH 9, 1953—DECIDED APRIL 14, 1953.

*George W. Fetzer, J. Henry Howard* and *Harry H. Hunter,* for plaintiff in error.

*Hilton & Hilton,* contra.