### 15176.  SMITH *v.* MEIGS LUMBER & MANUFACTURING Co.

BROYLES, C. J. 1. In a suit by a broker for commissions, where the petition shows that the plaintiff received from the defendant a letter in which the defendant stated that he owned a certain amount of timber which he wished to sell, and that if the plaintiff would send him a buyer he would allow the plaintiff, as a commission, a stated per cent., not on a fixed contract price, but on whatever amount should be agreed upon by the owner and the procured purchaser; and where the petition fails to show that the plaintiff ever answered the defendant's letter, but merely alleges that "in pursuance of said contract" the plaintiff interested a third person in the property, and that this person, within a few days thereafter, went to the owner and made a contract with him, under which he acquired the property, and the petition fails to show that the plaintiff notified the defendant, before the consummation of the sale, that the prospective purchaser had been procured by him, and fails to show that the defendant, before the sale of the property, had any notice or knowledge whatsoever that the prospective purchaser had been interested in the property by the plaintiff, and fails to show that

the defendant did not deal with the purchaser as an original customer procured by him (the owner); and where the petition shows that after the receipt of the defendant's letter several months passed before the property was sold, and fails to show that the defendant, in agreeing upon the purchase price of the property, had any knowledge, or was chargeable with any knowledge, that he would be liable for commissions, the petition, construed (as it must be) most strongly against the plaintiff, fails to set out a cause of action, and is subject to be dismissed on general demurrer. See, in this connection, *Mobley* v. *Tinsley*, 31 *Ga. App.* 259 (120 S. E. 437).

(a) In the instant case the petition shows that the defendant, in his letter to the plaintiff, stated that he had the timber for "sale" and offered the plaintiff commissions upon the "sale" if he would send him a "buyer," and that the person interested in the property by the plaintiff acquired it under a "lease" and not by a "sale." However, in this decision it is conceded (but not decided) that, under the terms of the lease and the other facts of the case as shown by the petition, the lease was tantamount to a sale, within the meaning of that word as used in the defendant's letter to the plaintiff.

2. Under the above ruling and the allegations of the petition in the instant case, the court did not err in dismissing the petition on general demurrer.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

. DECIDED MARCH 6, 1924.

Complaint; from Thomas superior court—Judge W. E. Thomas. October 16, 1923.

*H. H. Merry, Branch & Snow,* for plaintiff.

*Titus & Dekle,* for defendant.