No. 17.—THOMAS S. TUGGLE, adm'r, &c. plaintiff in error, *vs.* SARAH WILKINSON, adm'x, &c. defendant in error.

[1.] The Act of 1847, to simplify and curtail pleadings, applies to cases for or against an administrator.

Complaint, &c. in Lee Superior Court. Decision by Judge PERKINS, June Term, 1854.

The Court below dismissed the plaintiff's suit, on the ground that the Act of 1847, "to curtail and simplify pleadings at law" did not apply to cases for or against an administrator. This is the error assigned.

W. A. HAWKINS, for plaintiff in error.

STROZIER, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] The *Forms* prescribed by the Act of 1847, to simplify pleadings, are preceded by the alphabetical statement of the supposed parties, thus: "A B *vs.* C D." And the argument is, that an action by one administrator against another, cannot be brought under this Act. That it was intended for individuals, only in their own right.

On the contrary, these letters were intended to represent the whole party—plaintiff and defendant—whoever they may be. This restricted construction would prevent a suit, by two plaintiffs against one defendant, or one plaintiff against two defendants, or two plaintiffs against two defendants. Is not this sticking in the *letter* literally?

This complaint is well brought under Jones' Forms. And so far from construing the Act strictly, it should be liberally interpreted, intended as it was to facilitate the recovery provided by law for the redress of wrongs. And it is a feather in the cap of its author, that the commissioners sent to this country from England, to look into the mysteries of American Law Reform, have transmitted a copy of this Act home, and it now stands upon the Statute Book of the British Parliament as a law of the Realm.

But we hold that this writ was good under the Judiciary Act of 1799. From the first settlement of this Colony in 1732, certainly from the adoption of the first Constitution of 1777, our people have exerted their ingenuity to the utmost to simplify legal proceedings. When the Act of 1799 was passed, it was fondly supposed, no doubt, that this darling object had been accomplished. But the Judges of that day, unable to throw off the shackles of their professional education, instead of construing this Act by itself, as they should have done, read and enforced it in the light of the British books, adhering as pertinaciously as ever to the forms prescribed by the British Courts. And then commenced another struggle, as is evidenced by the Act of 1818 and like legislation. Finally, in 1847,

a heavy blow was aimed at fictitious forms, the use of which have had, I have no doubt, the effect to weaken the force of moral truth.    And now we are called upon to fritter away this Reform Act.

·It is needless to mince matters any longer—the age of quirks· and quibbles is past in Georgia.    The giant Truth can no longer be tied down by the small cords of technicality.    We sit here in judgment upon men's rights, and not to pass upon the ·comparative ingenuity and skill of their Counsel.    The Legislature and the Courts have combined to lay the axe to the root of the evil, and under their joint blows this Upas tree of fiction. and folly *must* fall.    Henceforth, form is nothing—substance ·is every thing.    Technicalities will soon be regarded as the. mere legal *small* swordship of a by-gone period.

This writ, tested by the Common Law Forms, wants only the *super se assumpsit*, and who cares a fig for that ?