### INDIANA FRUIT COMPANY v. SANDLIN.

1. If property is placed in the hands of a broker to sell, as a general rule his commissions are earned when, during the agency, he finds a purchaser ready, able, and willing to buy, and who actually offers to buy on the terms stipulated by the owner.

2. If an owner of property contracts with an agent or broker, not that the latter shall perfect a sale, but that he shall assist the owner in procuring a purchaser and bringing about a sale, and that if the agent shall be instrumental in bringing about such sale at not less than a stipulated amount, he shall receive a commission, whether it is consummated by him or by the principal; and if the agent agrees to perform certain services in this connection, and in fact does so, and is the efficient cause of procuring a purchaser and bringing him and the owner together, and

through his efforts a sale is effected for as much as the price named in the agreement, he will be entitled to his commission, although the actual consummation of the trade is effected between the owner and the purchaser.

3. Declarations of a person that he is agent for another are no proof of the fact of agency.

4. Declarations of a person claimed to be the agent of another are not admissible to affect such other person or show his connection with the transaction under discussion, without proof of the agency of the person making them.

5. While generally it is the better practice to require the existence of the agency to be proved before admitting the declarations of an agent as such, yet where negotiations with one claiming to be the agent of an absent person, in regard to a sale to his alleged principal, were admitted, and afterwards evidence was introduced to show that shortly after such negotiations the alleged principal went to examine the property in company with the person claiming to be his agent, and where, while denying as a witness the existence of an agency or the right of the alleged agent to bind him, he admitted that he had telegraphed to the person claiming to be his agent to examine the property and give him an opinion of its value, a reversal will not result from a refusal to rule out evidence in regard to the negotiations with the person claiming to act as agent, it not being sought to bind the buyer by the acts of the alleged agent, but to show that through him the buyer was brought into connection with the plaintiff and with the property, and that the plaintiff was instrumental in bringing about the sale to the alleged principal.

6. The charge complained of in this case was only a fragment of a sentence. Even if it contained some language which, taken alone, may have been open to criticism, when the context is considered there was nothing which requires a reversal.

Argued March 2, — Decided March 28, 1906.

Complaint. Before Judge Littlejohn. Macon superior court. June 27, 1905.

Sandlin brought suit against the Indiana Fruit Company, alleging as follows: On or about July 1, 1903, the plaintiff made a contract with the defendant corporation, through its agent, Campfield, to assist the latter in procuring a purchaser and bringing about a sale of all the fruit then growing on the trees of the orchards of the corporation for that year. The minimum price authorized to be accepted was $5,000, and for procuring a sale of the fruit on the trees, or being instrumental in bringing it about, the company agreed to pay him the sum of $100. If he should procure a sale of the fruit, or be instrumental in bringing about a sale, for a greater sum than that named, the company agreed to divide whatever excess there might be, equally between him and

itself.    He was authorized to make a proposition to such prospective
purchaser or purchasers as he might find for all the fruit growing
on the trees.    Under the contract he was not himself to complete
the sale, but was to look out for any prospective purchaser, show
him over the orchard or premises, and name a price or prices; but
before any trade or sale should be completed or consummated, it
was to be submitted to the agent of the company.    In pursuance
of the contract he began negotiations with one Crándal, who was
the agent of another company.    He went to the trouble of getting
Crandal upon the premises, at his own expense, drove with him
over the premises and various orchards of the fruit company, using
his own team, entertained Crandal at his house, and lost several days
in trying to consummate a sale of the fruit, besides going to some
expense in paying for telephone and telegraph messages in connec-
tion with the matter.    He used every means within his power to
bring about a sale.    Pending the negotiations some of the fruit
began to ripen, and it became necessary to gather and ship it in
order to preserve it.    At the expiration of three or four days a
sale of the fruit was consummated between the defendant company
and Crandal for the sum of $5,210.    Plaintiff is entitled to receive
as commission the sum of $100, and, as his share of the excess
above $5,000, the sum of $105.    After making the proposition to
Crandal, and before its acceptance, the defendant company shipped
fruit from the orchard, to the value of $200.    This was never de-
livered to Crandal, and plaintiff is entitled to one half of such
value.    There was also a sale by the company of pears to the value
of $75, and plaintiff claims one half of such value.    The defendant
denied all the material allegations of the plaintiff's declaration.    On
the trial the jury found for the plaintiff $100.    The defendant
moved for a new trial, which was refused, and it excepted.

*Greer & Fellon,* for plaintiff in error.    *L. E. Heath,* contra.

LUMPKIN, J.    (After stating the foregoing facts.)

1, 2.  It is declared in the Civil Code, §3015, that "the fact that
property is placed in the hands of a broker to sell does not prevent
the owner from selling, unless otherwise agreed.    The broker's com-
missions are earned when, during the agency, he finds a purchaser
ready, able, and willing to buy, and who actually offers to buy on the
terms stipulated by the owner."    If, however, the owner agrees
with an agent or broker that the latter shall assist him in procur-

ing a purchaser, and in bringing about a sale, and shall perform certain duties in connection therewith, and receive a stipulated compensation if a sale is made, whether it be consummated by the agent or the owner; and if the agent is the efficient cause of procuring a purchaser and bringing him and the owner together, and discharges all the duties imposed upon him by the contract, and a sale is made to the purchaser thus procured by him, although it may be consummated by the owner, the agent will be entitled to his commission. *Mousseau* v. *Dorsett,* 80 *Ga.* 566; *Doonan* v. *Ives,* 73 *Ga.* 295.

3, 5. An agency can not be proved by the declarations of the alleged agent; nor do the sayings of the latter, in the absence of any proof of agency, bind the alleged principal. *Harris Loan Co.* v. *Elliott Co.,* 110 *Ga.* 302; *Wynne* v. *Stevens,* 101 *Ga.* 808; *Amicalola Marble Co.* v. *Coker,* 111 *Ga.* 872.

Where declarations of an agent are admissible, the better practice is to require proof of agency before admitting them in evidence. In any event, they ought not to be received in evidence before proof of the agency, unless the party tendering them offers in good faith to supplement them by other and independent evidence of the agency; and if such offer is not made good, the declarations ought to be excluded from the consideration of the jury. *Abel* v. *Jarratt,* 100 *Ga.* 732. In the present case, although evidence of negotiations with an alleged agent and his sayings may have been admitted without proper foundation by proof of the existence of the agency, yet, under the whole evidence, there was some testimony from which the jury might have inferred the existence of an agency. Thus, there was evidence that, shortly after the negotiations between the plaintiff and the alleged agent in regard to the purchase of the fruit, the person claimed to be the principal came to the property in company with the alleged agent and made an examination with reference to a purchase. And though, while on the stand as a witness, the alleged principal denied the existence of any agency or authority on the part of the alleged agent to bind him, he admitted that he had telegraphed to such person to examine the fruit and give him an opinion as to its value. The object, too, was not to bind the alleged principal by the acts of the alleged agent, but to show that the plaintiff was instrumental in

effecting the sale, which was consummated with the owner (or its officer, it being a corporation).

6. One ground of the motion for a new trial complains of a charge given by the judge to the jury. The ground does not set out the entire charge on the subject, or even the entire sentence. We can not commend the practice of excepting to fractions of a sentence in a judge's charge. It is better to at least give the entire sentence; and an exception to mere disjointed fragments will often be so improper that this court will not deal with it at all. If the part of the sentence to which exception is taken be considered in connection with its context, we think it does not require a reversal. If some of the words were open to criticism, yet in view of the issues involved and the entire charge, no new trial is necessary. There was no error in overruling the motion for a new trial on all the grounds.        *Judgment affirmed.   All the Justices concur.*