### 13035.   TIDWELL *v.* HINES.

STEPHENS, J.   1. Construing the contract sued on as giving to the plaintiff an option to purchase within a stipulated period of time the real estate therein mentioned, it does not appear that within such time he availed himself of his right by offering to purchase upon the terms stipulated.

2. But construing the contract as one authorizing the plaintiff to act as a real-estate broker for the defendant, to procure for the latter a purchaser for the real estate therein mentioned, a nonsuit was properly awarded.

3. Even assuming that the person to whom the owner himself directly sold the property was one with whom the broker had been negotiating, but from whom the broker had failed to procure an offer to buy upon the terms stipulated, it must nevertheless appear, since the owner had not relinquished his right to sell the property himself, that he negotiated the sale directly to the customer procured by the broker, with a fraud-

ulent intent to deprive the broker of his commission; and where the evidence does not show or authorize the inference that the owner, when negotiating with the purchaser, had actual knowledge that the purchaser had been procured by the broker, there was no evidence to establish such fraudulent intent.

4. Notice. to an agent of the owner, authorized to negotiate with the broker, that the broker had procured as a customer for the property the person to whom the owner afterwards sold the property could not be actual knowledge to the owner, and therefore could not be the basis of actual fraud on the part of the owner.

5. The court properly excluded the evidence offered by the plaintiff and objected to by the defendant, and properly granted a nonsuit.

*Judgment affirmed. Jenkins, P. J., concurs.*

DECIDED JULY 24, 1922.

Complaint; from city court of Quitman — Judge Baum. October 17, 1921.

*Bennett & Harrell,* for plaintiff.

*Weston & McCall,* for defendant.