14544, 14584.   MOBLEY v. TINSLEY *et al.*; and *vice versa.*

JENKINS, P. J. In a suit for commissions, where there is evidence going to show that the defendant as owner authorized the plaintiff to procure a purchaser of certain property, agreeing to pay for such services a stated commission, not on any agreed contract price, but on whatever

sale amount should be arrived at between himself as owner and any purchaser thus procured, and where it appears that the plaintiff subsequently interested a third person in the purchase and sent him to the defendant with a view to purchasing the property, but where it appears, without dispute, that, although the plaintiff had ample opportunity to notify the owner that the customer had been interested by himself, he nevertheless failed to do so, and the owner dealt with the prospective purchaser without any sort of notice or knowledge that he had been interested by the plaintiff, and, after negotiations extending over several months, finally accepted a greatly reduced purchase price, as from one with whom he in good faith dealt as an original customer procured by himself, and without any notice or knowledge that such price would be charged with a sales commission, the plaintiff cannot recover: In a case where the owner had a right to sell the property for himself, and where, under the agreement with the plaintiff, no contract price was agreed upon, but was to be arrived at in negotiations between the customer and the owner, the latter was entitled to know, in fixing or reducing such amount, that he would be chargeable with commissions. See *Doonan* v. *Ives*, 73 *Ga.* 295; *Washington* v. *Jordan*, 28 *Ga. App.* 18 (7) (109 S. E. 923). The rule would be different in a case of a broker's contract where there was an agreed sales price fixed between the owner and broker, and the owner effected the sale, even without notice that the customer had been procured by the agent, but in so doing received the price named in the brokerage agreement. *Indiana Fruit Co.* v. *Sandlin*, 125 *Ga.* 222 (2) (54 S. E. 65); 9 Corpus Juris, 612; Quist *v.* Goodfellow, 99 Minn. 509 (110 N. W. 65, 8 L. R. A. (N. S.) 153, and case note, 9 Ann. Cas. 431). In *Garrett* v. *Wall*, 29 *Ga. App.* 642 (116 S. E. 331), no question of notice or knowledge was involved, and in that case the record discloses that the defendant dealt with the customer as one furnished by the plaintiff.

2. In view of the above ruling, and under the undisputed evidence in this case, the trial judge did not err in directing a verdict in favor of the defendant.

*Judgment on main bill of exceptions affirmed; cross-bill dismissed. Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 27, 1923.

Complaint; from city court of Macon—Judge Gunn.    March 21, 1923.

*S. D. Dell,* for plaintiff.

*Hall, Grice & Bloch,* for defendants.