### 29515. STATE LIFE INSURANCE COMPANY v. WHITEHURST.

DECIDED JULY 16, 1942.

*Blackshear & Blackshear,* for plaintiff in error.

*R. I. Stephens,* contra.

STEPHENS, P. J. The defendant in error has moved that this court dismiss the bill of exceptions "for want of prosecution," because of the failure of the plaintiff in error to serve its brief on him within the time prescribed by the rules of this court. This motion is without merit. This court has repeatedly held that failure to comply with its rule as to the service of briefs is not ground for dismissal of a writ of error, but that such failure renders the offender guilty of contempt of court. *Goode* v. *Tuggle,* 52 *Ga. App.* 510 (183 S. E. 850); *Piedmont Feed & Grocery Co.* v. *Georgia Feed & Grocery Co.,* 52 *Ga. App.* 847 (184 S. E. 899), and cit.

H. S. Whitehurst sued out an attachment against the State Life Insurance company, a non-resident, which was levied on certain real estate of the defendant. The plaintiff filed a declaration in

attachment, in which he alleged that the defendant was indebted to him for commissions earned by him in selling certain lands belonging to the defendant to named persons; that such property was sold by the plaintiff for the defendant; that the defendant agreed to pay the plaintiff a commission of 5 per cent. of the total sum for which the property was sold; that the sales were made by the plaintiff, and the property was placed in possession of the purchasers; and that the agreement to sell the real estate for the defendant was made by the plaintiff with W. E. Stalnaker, manager for the defendant and in charge of the Cordele branch office, who was authorized to make such agreement for the defendant. The defendant denied liability. The case proceeded to trial. On motion by the defendant for a nonsuit, the plaintiff amended the declaration and alleged that he procured the prospects for the sales referred to in the original petition; that the property was sold through his means and efforts, under oral terms and conditions made by Stalnaker and also under terms and conditions of a letter dated January 14, 1937; that such sales resulted through the plaintiff's efforts; that the sales were closed by the defendant's agents in accordance with the understanding in the contract and as agreed to between the plaintiff and the defendant; that all of the prospects were procured by the plaintiff, and that the purchasers were ready, willing and able to purchase the property and did purchase it. The defendant demurred to the declaration as amended as failing to set out a cause of action, and also renewed its motion for a nonsuit. The judge overruled this demurrer and the motion for a nonsuit. The defendant excepted pendente lite.

By the declaration as amended the plaintiff sought to recover a commission for sales made by the defendant, as owner of the land, and alleged that he was the procuring cause of these sales. It was not alleged that the defendant had knowledge, at the time it made these sales to the purchasers, of the fact that negotiations were pending between the plaintiff and these purchasers, or that they were prospects procured by the plaintiff. There are no facts alleged to show any bad faith or fraudulent intent on the part of the defendant. Ordinarily, in order to recover commissions for having been the procuring cause of a sale of real estate made by the owner, it must appear that the owner acted with knowledge that the purchaser had been procured by the acts of the broker or agent under

the contract of agency, and there must appear a fraudulent intent to deprive the agent of his commissions. This does not appear from the pleadings in the present case. "Even assuming that the person to whom the owner himself directly sold the property was one with whom the broker had been negotiating, and from whom the broker had failed to procure an offer to buy upon the terms stipulated, it must nevertheless appear, since the owner had not relinquished the right to sell the property himself, that he negotiated the sale directly to the customer procured by the broker, with the fraudulent intent to deprive the broker of his commission; and where the evidence does not show or authorize the inference that the owner, when negotiating with the purchaser, had actual knowledge that the purchaser had been procured by the broker there was no evidence to establish such fraudulent intent." *Tidwell* v. *Hines,* 28 *Ga. App.* 806 (3) (113 S. E. 48). It is to be remembered that there was no allegation in the present declaration as amended that this was an exclusive brokerage agency. Therefore the defendant had not relinquished the right to sell the property itself. In fact the allegations show sales by the owner, and it does not appear that this was a breach of the contract of brokerage. In addition to the *Tidwell* case see *Mobley* v. *Tinsley,* 31 *Ga. App.* 259 (120 S. E. 437); *Washington* v. *Jordan,* 28 *Ga. App.* 18 (7) (109 S. E. 923). In *Craigmiles* v. *Steyerman,* 27 *Ga. App.* 14 (107 S. E. 386), this court affirmed the dismissal on general demurrer of a petition which was subject to the defects inherent in the present declaration.

Judges Sutton and Felton concur in this ruling on the general demurrer, and in the ruling that the judgment should be reversed because the court erred in overruling the general demurrer. Judges Sutton and Felton are of the opinion that the subsequent proceedings which resulted in a verdict and judgment for the plaintiff were nugatory. Speaking for myself I am of the opinion that the evidence which was admitted without objection was sufficient to supply the defective omissions in the declaration as amended, and that the error in overruling the demurrer would be cured but for the fact that in my opinion it appears that the verdict and judgment should be set aside on the ground that the court erred in charging the jury, notwithstanding the law applicable as showing the failure of the declaration as amended to set out a cause of

action shows error in the charge of the court. I·am of the opinion that the court erred in overruling the demurrer.

*Judgment reversed. Sutton and Felton, JJ., concur.*