35365.   Waller *v.* Wright Contracting Company *et al.*
35369.   Tuggle *v.* Waller *et al.*

Carlisle, J.   1. When the almost identical allegations of fact contained in the present petition were considered by this court in *Wright Contracting Co.* v. *Waller,* 89 *Ga. App.* 827 (81 S. E. 2d 541), it was held that, as a matter of law, the negligence of the defendant Tuggle in parking on the dangerous embankment and failing to set the brakes on his automobile or otherwise to act to prevent his automobile from rolling backward was the intervening and efficient cause of the plaintiff's injuries, and that such negligence as that alleged against Tuggle was not reasonably foreseeable by the defendant Wright Contracting Company.   Without the addition of a single new factual allegation of any materiality, the plaintiff has added to those allegations of fact her conclusions that the defendant Wright Contracting Company *actually anticipated* negligence of the type of which Tuggle is allegedly guilty, and that Wright Contracting Company's misconduct in failing to remedy the dangerous grade of the embankment when requested so to do was wilful and wanton. The special facts pleaded by the plaintiff are at variance with her general conclusions and must control.   *Lewis* v. *Amorous,* 3 *Ga. App.* 50, 53 (59 S. E. 338); *Conney* v. *Atlantic Greyhound Corp.,* 81 *Ga. App.* 324, 327 (58 S. E. 2d 559).   The special facts pleaded show that such negligence as was charged against Tuggle was not reasonably foreseeable by Wright Contracting Company.   *Waller* v. *Wright Contracting Co.,* supra. The specific facts pleaded do not warrant the characterization of Wright Contracting Company's refusal to alter the grade of the embankment as wilful and wanton, since, under the allegations of the petition, the company is not shown to have had any reason for anticipating that the acts of negligence charged against Tuggle would be consequent upon its failure to remedy the grade of the embankment, and it cannot be wilful and wanton misconduct to fail to guard against an unforeseen danger. *Reid* v. *Sinclair Refining Co.,* 62 *Ga. App.* 198 (8 S. E. 2d 527), and citations.   It follows that the petition as finally amended failed to state a cause of action against the defendant Wright Contracting Company, and the trial court did not err in sustaining its general demurrer thereto and in striking it as a party defendant.
2. Whether or not Tuggle, who was not a successful party in the trial court within the meaning of Code § 6-901, was entitled to come to this court by way of cross-bill of exceptions, and for that reason the cross-bill of exceptions should be dismissed, the result is the same, as the cross-bill of exceptions is to be dismissed where the judgment of the trial court is affirmed on the main bill.

*Judgment affirmed on main bill; cross-bill dismissed.   Gardner, P. J., and Townsend, J., concur.*

Decided January 14, 1955—Rehearing denied March 18, 1955.

*Peter J. Rice, Randall Evans, Jr.,* for Mrs. W. I. Waller.
*Whitman & Whitman, Erwin Sibley,* for W. E. Tuggle.
. *Anderson, Anderson, Walker & Reichert,* for Wright Contracting Company.