### 37138. PALMER *v.* MALONE.

Townsend, Judge. 1. The amendment to Code § 6-902 (Ga. L. 1957, pp. 224, 244) provides that where in a case pending in a court other than the superior court, no judge authorized by law to certify a bill of exceptions is within the county at the time when a bill of exceptions must be tendered, such bill of exceptions may be presented to the clerk of court who shall mark it "Tendered", together with the date and hour of tender and retain it until the judge has returned to the county, at which time he shall deliver it to the judge for certification, and the judge has ten days thereafter to sign and certify the same. Since the amendment to Code § 6-906 authorizing another judge of the superior court of the circuit to sign where the judge who presides is "otherwise incapable of acting" refers to superior courts only, it appears that the only judge authorized by law to sign the bill of exceptions in this case,

then pending in the Civil Court of Fulton County, was Hon. Tom Camp who presided at the demurrer hearing. *Jett* v. *Jones,* 87 *Ga. App.* 531 (74 S. E. 2d 483). The bill of exceptions was marked "Tendered, 3:55 p.m., 2-28-58, Hewitt W. Chambers, Clerk", and the date is within the time authorized by law for tendering such bill of exceptions. The judge's certificate is dated March 3, 1958, and recites that he was absent from Fulton County from February 27 to March 3, and upon his return the clerk tendered the bill of exceptions to him. Therefore, regardless of whether the date of March 3, 1958, was otherwise within the 30-day period for filing bills of exceptions (which it undoubtedly was, because the 30th day, March 2, fell on a Sunday) the procedure followed was correct, and the motion to dismiss the bill of exceptions on the ground that it was not tendered to the trial judge within the time provided by law is without merit.

2. "In a suit by an agent against his principal to recover commissions for having been the procuring cause of the sale by the owner of real estate, the right to sell which, by the terms of the agency contract, had been retained by the owner, in order to entitle the agent to recover it must appear from the pleadings and the proof that the defendant principal, in selling the property, did so with knowledge that the purchaser had been procured by the acts of the agent under his contract of agency." *State Life Ins. Co.* v. *Whitehurst,* 67 *Ga. App.* 646 (2) (21 S. E. 2d 474).

3. "Notice to an agent of the owner, authorized to negotiate with the broker, that the broker had procured as a customer for the property the person to whom the owner afterwards sold the property could not be actual knowledge to the owner, and therefore could not be the basis of actual fraud on the part of the owner." *Tidwell* v. *Hines,* 28 *Ga. App.* 806 (4) (113 S. E. 48).

4. The petition in the present case alleges that the defendant, W. S. Malone, listed with the plaintiff doing business as Palmer Realty Company certain property for sale as an open listing, under which he also retained the right to sell; that on August 21, 1957, one of the plaintiff's agents showed this property to a prospect, Harry Oliver, with the knowledge and consent of the defendant's son; that on August 23, the prospect returned to the premises alone; the defendant saw him

at that time and went over to talk to him, and the parties entered into a written contract of sale of the house on the same day; that on September 15, the plaintiff for the first time contacted the defendant directly and informed him that she had shown the property to Oliver; and that on September 30, the sale between the defendant and Oliver was consummated by the delivery of a warranty deed. The petition, construed against the plaintiff, shows that the defendant had no actual knowledge that the purchaser had been procured by the plaintiff at the time he entered into the contract of sale and he did not negotiate the sale directly to the customer procured by the broker with a fraudulent intent to deprive the broker of her commission. Accordingly, under the rules of law above cited, the broker, who did not have an exclusive sales agreement with the defendant, and who did not inform the defendant that the prospect had been procured by her until after the contract to sell the house had been entered into, is not entitled to commissions. Since the rights and liabilities of the seller and purchaser are to be determined by the date of the contract of sale rather than the date of delivery of the deed and closing of the sale, the fact that the seller had actual knowledge of the plaintiff's efforts in procuring the purchaser at the time of delivery of the deed is not determinative of this issue. The price at which the owner sold the property was $5,000 less than that at which it was listed and might well have been predicated upon his belief that he was negotiating a direct sale to the purchaser. Nothing in the petition would authorize an inference that the sale was not made in good faith under this belief, especially in view of the fact that the defendant was building and selling homes in the area, including this one, and had a sign on the premises reading, "For sale by builder."

The trial court did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED MAY 13, 1958—REHEARING DENIED MAY 27, 1958.

*Carpenter, Karp & Mathews, A. Tate Conyers,* for plaintiff in error.

*Charles W. Bergman,* contra.