37865. GLASSMAN *et al. v.* MELROSE CONSTRUCTION
COMPANY *et al.*

DECIDED OCTOBER 27, 1959—REHEARING DENIED
NOVEMBER 25, 1959.

766

*Sidney I. Rose, Harold H. Clokey, Jr.,* for plaintiffs in error.
*Leiter & Leiter, Edward D. Wheeler, Robert Paul Leiter,* contra.

FELTON, Chief Judge. The court erred in sustaining the general demurrers of the defendants. The allegations of the petition set forth a cause of action in tort as against the general demurrers. The allegations are sufficient to allege the combina-

tion of two or more persons to do that which is unlawful and immoral by unlawful and immoral means. *Fellton* v. *Orkin Exterminating Co.*, 92 *Ga. App.* 186 (1) (88 S. E. 2d 463) and cases cited. See *Young* v. *Wilson*, 183 *Ga.* 59 (2g) (187 S. E. 44). It is immaterial that Hobart W. Crowe, Jr., did not own the property at the time he listed the property for sale. He could not escape liability for commissions by asserting nonownership of the property. Further, it is alleged that Mr. Crowe was acting as agent for the corporation and facts are alleged which are sufficient to show a ratification of Mr. Crowe's acts even if he acted initially without authority. It cannot be denied that the corporation benefited from Mr. Crowe's acts and conduct. True, it is not alleged what was the exact consideration for the deeds from the corporation to Patillo Lumber Company, from Patillo Lumber Company to Mrs. Leiter and from Mrs. Leiter to Patillo Lumber Company but it would be immaterial whether the exchange of properties was on the same terms as were allegedly procured by the plaintiff. If the parties controlling the sales utilized the efforts of the plaintiff in dealing with the purchaser procured by the plaintiff, the plaintiff would be entitled to its commissions on both sales. Moreover, the amount sued for shows that the consideration for the exchange was slightly less than the terms allegedly procured by the plaintiff called for. Where the broker is the procuring cause, the owner is liable for commissions even if he sells to the broker's prospect at a price less than that listed with the broker. *Spence* v. *Walker*, 92 *Ga. App.* 609 (89 S. E. 2d 668) and cases cited. The broker is entitled to commissions when he produces a purchaser who consummates the sale on terms satisfactory to the owner. Code (Ann.) § 4-213, catchwords "Carrying out contract."

*Judgment reversed. Quillian and Nichols, JJ., concur.*