38008.  BISHOP *et al. v.* PEOPLES LOAN & FINANCE CORPORATION.

DECIDED JANUARY 20, 1960.

54

*Clower & Anderson*, for plaintiffs in error.

*Wright, Rogers, Magruder & Hoyt, Clinton J. Morgan*, contra.

FELTON, Chief Judge. ■ It is first contended that the court erred in dismissing defendant Bishop's traverse of service, which alleged that he was a resident of Henry County, Georgia, and was never served therein. The act of February 16, 1945 (Ga. L. 1945, p. 147; Code, Ann., § 81-221), establishing a cumulative method of service of process, provides that "if the party to be served is not a resident of the County in which the action or proceeding is pending, he may be served in any other County in which he may be found by the Sheriff of that County, or his Deputies, delivering to said party such process, summons, or notice, or by serving such party in any manner now provided by law." Under this provision the defendant Bishop, being a nonresident of Floyd County, in which the action was pending, was properly served in Fulton County by the deputy sheriff thereof. Cf. *Bell* v. *Stevens*, 100 *Ga. App.* 281 (2b) (111 S. E. 2d 125), where the defendant was a resident of the county in which the suit was pending.

■ Insofar as they are predicated on the alleged invalidity of service, the pleas to the jurisdiction are without merit for the same reasons stated above in regard to the traverse of service. Since the petition alleges a conspiracy by all the defendants to defraud the plaintiff of certain property, these pleas also fail to set forth any reason why the City Court of Floyd County, in which county one of the alleged co-conspirators resides, is without jurisdiction. In *Cowart* v. *Fender*, 137 *Ga.* 586, 589 (73 S. E. 822, Ann. Cas. 1913A 932) the Supreme Court said: "If several persons conspire to defraud one of his money and succeed in receiving the money jointly, suit can be brought against all who take part in the conspiracy, in one action, and in any

county where either defendant resides. It is the community of wrong committed that gives the joint right of action." The court did not err in dismissing the pleas to the jurisdiction filed by the two nonresident defendants.

■ Turning now to the demurrers, the petition alleges that the defendants conspired to defraud the plaintiff and states specific facts from which this conclusion would logically follow. It is therefore, not subject to general demurrer. *National Bank of Savannah* v. *Evans,* 149 *Ga.* 67 (99 S. E. 123). Furthermore, it is not subject to such demurrer by defendants Norman and Bishop on the ground that it alleges them to be nonresidents. *Cowart* v. *Fender,* supra.

■ Special ground 3 of the defendants' demurrers attacks paragraph 4 of the petition as being "too vague, indefinite and uncertain, in that it is not alleged how and in what manner said sale was made." Assuming but not deciding that the overruling of this demurrer was erroneous, it could not have prejudiced these defendants, each of whom admitted in his answer "that he bought the vehicles described therein, paying full value therefor, and without any notice of any defects in the titles thereof, or of any liens or encumbrances, purchasing said cars in the regular course of business, after said cars had been run through the Dixie Motors Auto Auction."

■ Ground 4 of the demurrers challenges paragraph 6 of the petition as being "too vague, indefinite and uncertain, in that it is not alleged how this defendant knew or could have known that said automobiles were financed by plaintiff or that plaintiff held unpaid bills of sale to secure debt on said automobiles, or that defendant, Harwell, had no intention of paying off said bills of sale, and further that it is not alleged how any such knowledge was given or imparted to this defendant, and by whom, and in what form said alleged notice or knowledge was obtained or given." The allegations that the defendants had knowledge of the facts stated are amply sufficient in point of detail and are not subject to demurrer. *Western Union Telegraph Co.* v. *Griffith,* 111 *Ga.* 551, 565 (36 S. E. 859); *Nelson* v. *Estill,* 190 *Ga.* 235 (3) (9 S. E. 2d 73).

■ Ground 5 of the demurrers challenges the allegations of

the conspiracy in paragraph 7 of the petition "in that it is not alleged how, when or what such conspiracy consisted of, and what part each alleged participant had therein, and this defendant is not sufficiently put on notice by said allegations as to what he is charged with doing, so that he can adequately prepare a defense in his own behalf." "Where civil liability for a conspiracy is sought to be imposed, the conspiracy of itself furnishes no cause of action. The gist of the action is not the conspiracy alleged, but the tort committed against the plaintiff and the damage thereby done." *Johnson* v. *Ellington,* 196 *Ga.* 846 (1) (28 S. E. 2d 114) and cases cited. "So far as the conspiracy is concerned, no further specification is required than the general terms in which it is pleaded in the declaration; and this is true although the jurisdiction of the court to render judgment against one or more of the defendants depends upon allegations and proof of conspiracy." *National Bank of Savannah* v. *Evans,* 149 *Ga.* 67, supra, headnote 2a. Under these authorities there is no merit in this ground of the demurrers.

■ Ground 6 of the demurrers raises the issue of a misjoinder of parties defendant in that the petition fails to show any privity between the plaintiff and the two demurring defendants or any overt act on their part. It appears however that the allegations as to sale and purchase of the vehicles are sufficient to show an overt act on the part of the defendants. In view of the allegations of conspiracy to defraud, which we have ruled sufficient hereinabove, there is no requirement that privity be shown and this ground is without merit.

■ The purported brief of evidence included in the record contains objections of counsel to the admission of evidence, argument and rulings of the court thereon, colloquies between counsel, motions for a mistrial, for a nonsuit and for a directed verdict, argument and rulings of the court thereon. This does not show a bona fide attempt to comply with the requirements of Code (Ann.) §§ 6-802, 70-305 and 70-312 (Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 445 et seq.). Therefore this court will not pass upon assignments of error requiring a consideration of the evidence. *Reese* v. *Wilder,* 94 *Ga. App.* 49 (93 S. E. 2d 416); *Lotson* v. *Housing Authority of Savannah,* 99 *Ga. App.* 622 (109

S. E. 2d 64). Accordingly, the general grounds and special grounds of the amended motion for a new trial cannot be considered since there is no way for this court to determine whether the errors complained of therein were harmful. *Scales* v. *Neal,* 96 *Ga. App.* 168 (2) (99 S. E. 2d 498). Even those grounds which assign error upon excerpts from the charge cannot be passed upon in view of the lack of a brief of evidence. *Gulick* v. *Mulcahy,* 95 *Ga. App.* 158 (97 S. E. 2d 362).

■ The rulings of the trial court upon which error is assigned are not erroneous for any reason urged.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*