### 38095. MOON v. ATLAS AUTO FINANCE COMPANY, INC.

CARLISLE, Judge. 1. It is well settled that a demurrer to the original petition does not cover it after it has been materially amended. See *Satloff* v. *State of Georgia,* 52 *Ga. App.* 208 (1) (182 S. E. 864). Applying the foregoing rule to the instant case, the original demurrers to the petition, not having been renewed after the plaintiff amended the same, the judgment of the trial court dismissing, or overruling, them was not erroneous.

2. Where an action is brought to recover an amount due on an alleged contract, the sufficiency of the allegations in the petition as to the date of the contract and the nature of the agency of the affiant who swears to the correctness of the amount alleged to be due thereon and that it is due and unpaid and that he has authority as agent of the suing corporation to make the affidavit, are matters which may be reached only by special demurrer and these questions are not properly raised by a mere general demurrer or by an oral motion to dismiss in the nature of a general demurrer. *Mandeville Mills* v. *Dale,* 2 *Ga. App.* 607 (3) (58 S. E. 1060); *Warren* v. *Powell,* 122 *Ga.* 4 (49 S. E. 730).

3. The petition in the instant case as originally drawn and the amendment thereto are substantially like the petition and amendment in *Rollins* v. *General Acceptance Corp.,* 92 *Ga. App.* 394 (88 S. E. 2d 520). It was held that the amended petition in that case was not subject to general demurrer. The amended petition in this case was not, therefore, subject to the oral motion to dismiss in the nature of a general demurrer which was interposed after it had been amended and the amendment allowed by the trial court. It follows that the trial court did not err in overruling that motion.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED FEBRUARY 24, 1960—REHEARING DENIED
MARCH 9, 1960.

*Melvin Pazol, Charles W. Anderson,* for plaintiff in error.
*Strother & Sturgis, John R. Strother, Jr.,* contra.