### 38899. NATIONAL FIRE INSURANCE COMPANY v. BANISTER.

TOWNSEND, Presiding Judge. 1. Pleadings are to be given a reasonable intendment, and a strained and unnatural construction will not be given them in order to raise an inference against the pleader. Where, as here, it appears that the plaintiff carried a policy of fire insurance on a described house and contents, an allegation as follows: ". . . de-

fendant insured plaintiff for the period stated in said policy of insurance against loss by fire of the building and contents belonging to plaintiff; said building and contents owned by plaintiff and described in said policy being a brick veneer building with approved roof occupied as a grocery and filling station . . . ," it appears obvious that the plaintiff intends to allege ownership of the building as well as the contents. A general demurrer on the ground that the petition fails to set forth a cause of action would not in any event reach such a defect even if it existed, for as the defendant recognized, the petition would still state a cause of action for the personal property.

2. Where in a fire insurance policy containing the New York standard mortgage clause the proceeds in the event of loss are payable to the named insured and mortgagee as interest may appear, an allegation that the lien of the bank has been paid and that no person other than the insured has any interest in the property is not sufficient to excuse the plaintiff from joining such mortgagee as a party plaintiff, the action being in its nature a joint action. *Georgia Cas. &c. Co. v. Pincus,* 89 Ga. App. 836 (3) (81 SE2d 527); *Firemen's Ins. Co. v. White,* 181 Ga. 759 (184 SE 316). The defendant insurance company is entitled to the protection of having all parties named in the insurance policy joined as parties plaintiff in order that they may be bound by the judgment rendered. This may be done by amendment. *Wallace v. Brannen,* 56 Ga. App. 856 (193 SE 901).

3. A special demurrer, being itself a critic, must be perfect in form. To an allegation "that plaintiff immediately made known to the defendant the fact of loss and destruction of said building and contents by fire, furnishing proof of said loss and the facts surrounding same" the defendant demurred on the grounds that the allegation was vague, indefinite and a conclusion "there being no allegation . . . in the petition setting forth the contents of said proof of loss and the facts surrounding the same." The demurrer does not raise the issue that the plaintiff did not file the proof of loss within the time limited in the policy. A statement that plaintiff furnished defendant a proof of loss is not a conclusion, and it necessarily follows that the defendant is apprised of the contents thereof. The proof of loss is not itself the foundation of the action, which is based on the contract of insurance;

accordingly it need not be attached as an exhibit to the petition. These special demurrers are without merit.

3. It is contended by special demurrers 12, 13, 14 and 15 that the plaintiff has failed to allege facts sufficient to support the conclusion that he is entitled to recover the sum of $10,000, the total insurance on the premises. The plaintiff alleged merely that the policy in question granted him fire insurance in amount of $6,000 on the building and $4,000 on the contents; that the building and contents were totally destroyed by fire, and that the company is liable to him in the sum of $10,000. The contract was to insure the property "to an amount not exceeding the amounts above specified . . . to the extent of the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality." The legal liability of insurance companies under the former *Code* § 56-701 was to pay "the full amount of loss sustained upon the property insured by them: Provided, said amount of loss does not exceed the amount of insurance expressed in the policy." The measure of the loss is the fair market value of the property at the time of loss. *Atlanta Title &c. Co. v. Allied Mortg. Co.*, 64 Ga. App. 38, 40 (12 SE2d 147). "Beyond all doubt, 'to indemnify the assured against loss,' not to arbitrarily pay him the face value of the policy in the event of damage by fire to the property insured, is essentially the only office a policy of fire-insurance can legally perform." *Fireman's Fund Ins. Co. v. Pekor,* 106 Ga. 1, 10 (31 SE 779).

Paragraph 4 of the petition is subject to the demurrers interposed because neither there nor elsewhere in the petition does the plaintiff allege the amount of his loss.

For the reasons set out in divisions 2 and 4 of the opinion the trial court erred in overruling certain special demurrers to the petition and thereafter erred in overruling the general demurrer.

*Judgment reversed. Frankum and Jordan, JJ., concur.*

DECIDED JUNE 22, 1961.

*Bagwell & Hames, James A. Bagwell,* for plaintiff in error.
*Walter O. Allanson,* contra.