39004. NATIONAL CITY BANK OF ROME *et al.*
v. GRAHAM.

DECIDED MARCH 9, 1962.

500

502

*Rogers, Magruder, Hoyt, Wright & Walther, Robert G. Walther, Fullbright & Duffey, Henry J. Fullbright, Jr.*, for plaintiffs in error.

*Parker, Clary & Kent, Horace T. Clary*, contra.

BELL, Judge. ■ The voluminous petition seeking as it does to allege a cause of action against each of three defendants, initially rested its cause upon an action on contract based upon commissions allegedly earned by a broker for the sale of real estate. Later, by amendment, there was added to the petition a separate and distinct cause of action founded upon a tort consisting of an alleged conspiracy between the three defendants to fraudulently and wrongfully deny to petitioner the commissions due him on the sale.

■ It is well settled in our law that an amendment to a petition which changes the cause of action from one based on contract to one founded in tort renders the petition subject to demurrer. *Horne v. Skinner*, 206 Ga. 491 (2) (57 SE2d 576); *Code* § 81-1303. The defendant, The National City Bank of Rome, having presented properly its demurrer to the amendment which added the charge of conspiracy to the petition, the demurrer should have been sustained and the amendment, as to it, should have been dismissed.

■ It is equally well settled in this jurisdiction that where the agent acts for a disclosed principal, within the scope of his authority, the actions are those of the principal, who is alone liable unless the agent has assumed personal liability also. The

original petition charged that the defendant National City Bank of Rome was acting as agent within the scope of its authority for the owner of the property, who was disclosed. Under these circumstances the original petition stated no cause of action against the National City Bank of Rome. *Hill v. Daniel*, 52 Ga. App. 427 (2), 428 (183 SE 662), and authorities there cited. See also *Petretes v. Atlanta Loan &c. Co.*, 161 Ga. 468 (2) (131 SE 510).

As the general demurrer of this defendant was good for the reason given in (b) above as to the cause sounding in contract, and as the demurrer seeking to strike the amendment adding the tort of conspiracy should have been sustained, it follows that the petition stated no cause of action against The National City Bank of Rome, and the petition as to it should have been dismissed.

The trial court erred in not doing so.

■ The next question presented is whether the general demurrers of the defendants Brittain Bros. Company and The Citizens and Southern National Bank, based simply upon the assertion that the petition as amended set forth no cause of action against them, were properly overruled by the trial court.

We recognize that it is not difficult under our requirements of pleading for a petitioner to charge a conspiracy in a civil case. However, a mere general charge of a conspiracy is insufficient to state a cause of action unless the conspiracy be coupled with a tort. It is essential that there be a wrong upon which the conspirators acted to the damage of another for the conspiracy to be actionable. The language added by amendment, here asserting a conspiracy in general terms, is quite similar to that found in the case of *National Bank of Savannah v. Evans*, 149 Ga. 67 (2), (99 SE 123), which was held good against special demurrer. The *Evans* case was cited with approval and followed in *Young v. Wilson*, 183 Ga. 59, 72 (187 SE 44). Yet in both the *Evans* and the *Young* cases there were present allegations sufficient to show a tort. In this case we have the general allegation of conspiracy, but we do not have the essential tort alleged.

"If no cause of action is otherwise alleged, the addition of allegations concerning conspiracy will not make one . . ."

*Cook v. Robinson,* 216 Ga. 328, 329 (4), (116 SE2d 742). "Where it is sought to impose civil liability for a conspiracy, the conspiracy of itself furnishes no cause of action. The gist of the action, if a cause of action exists, is not the conspiracy alleged, but the tort committed against the plaintiff and the resulting damage." *Vandhitch v. Alverson,* 52 Ga. App. 308, 310 (1) (183 SE 105). Also see *Woodruff v. Hughes,* 2 Ga. App. 361 (1) (58 SE 551); *Bentley v. Barlow,* 178 Ga. 618 (173 SE 707); *Peoples Loan Co. v. Allen,* 199 Ga. 537, 558 (34 SE2d 811); *Walker v. Grand Internat'l. &c. Engineers,* 186 Ga. 811, 820 (199 SE 146); *Martha Mills v. Moseley,* 50 Ga. App. 536, 538 (179 SE 159).

These defendants invoke the elemental principle that on demurrer a petition must be construed most strongly against the pleader. When this is done, they urge, it will be seen that the petition as a whole sets forth no cause of action against them. We are compelled to agree, for as we construe the petition, the plaintiff, while sufficiently charging a conspiracy, failed to allege a tort upon which the conspirators acted to his damage.

Since neither of these defendants demurred to the amendment on the ground that it added to the petition a separate and distinct cause of action, the entire pleading as amended must be considered in passing upon their general demurrers.

"When a pleading is considered on general demurrer, if there are inferences unfavorable to the rights of the plaintiff which may be fairly drawn from the allegations of the petition, this ought to be done. In such a case the petition must be construed in the light of omission as well as averments." *Washburn Storage Co. v. General Motors Corp.,* 90 Ga. App. 380 (3), 385 (83 SE2d 26).

There are indeed in this petition inferences unfavorable to the plaintiff which may be fairly drawn from its allegations. The following paragraphs are quoted from it:

"14. Petitioner shows that your petitioner *heard nothing concerning the sale* of said properties *until June 29, 1959,* when your petitioner's agent learned that The Citizens and Southern National Bank had bid on certain property of Brittain Bros. Company and had submitted its bid in compliance with the demands

of The National City Bank of Rome and Brittain Bros. Company. . ." (Emphasis added.)

"15. *Petitioner's agent learned at the same time* that The Citizens and Southern National Bank had made a bid on the property known as the 'Firestone Building' in the amount of $140,000.00, and the *bid had been accepted* but the sale transaction had not been closed." (Emphasis added.)

"16. Your petitioner shows that the employee and agent of your petitioner, Mrs. Sarah Wright, immediately *informed and told* Mr. W. T. Maddox, *President of Brittain Bros. Company,* and Executive Vice President of The National City Bank of Rome, the agent of Brittain Bros. Company, *on the 29th day of June, 1959,* that The Citizens and Southern National Bank *was a prospect* and client of your petitioner and that your petitioner would expect a commission when and if the sale of the property was made to The Citizens and Southern National Bank by The National City Bank of Rome, as agent, and by Brittain Bros. Company, as seller." (Emphasis added.)

With respect to the defendant Brittain Bros. Company, the damaging portions of the petition which lead logically to inferences unfavorable to the plaintiff are that petitioner "heard nothing concerning the sale of said properties until June 29, 1959"; that the petitioner's agent learned at the same time, that is to say June 29, 1959, that The Citizens and Southern National Bank had made a bid on the property and *the bid had been accepted, but the sale transaction had not been closed;* that on the same day, the 29th of June, 1959, petitioner's agent *informed and told* Brittain Bros. Company that The Citizens and Southern National Bank was a prospect of petitioner.

The key words in the allegata are "informed and told." The word "inform" is defined as, ". . . to communicate knowledge to; to make acquainted; to acquaint; advise; instruct; tell; notify; enlighten . . . inform, the general term, emphasizes the actual imparting of facts or knowledge of whatever sort . . ." Webster's New International Dictionary, Second Edition. The same authority defines "told," the past participle of "tell," as, "to make known; disclose, divulge; to inform; to report or communicate to. . ."

The conclusion, the inference, to be drawn from the data is that it was not until June 29, 1959, that plaintiff learned, for the first time: that The Citizens and Southern National Bank had tendered a bid to purchase the property; that the bid had been accepted; that, at the time he learned of the acceptance of the bid, the transfer of title had not been accomplished formally; and that, on the same day, plaintiff initially informed and told Brittain Bros. Company that The Citizens and Southern National Bank was a prospect of his.

As to this defendant (Brittain Bros. Company), the inference that the initial notice was given after the entering into of the sales contract but before the formal transfer by deed is fatal to the petitioner. "Since the rights and liabilities of the seller and purchaser are to be determined by the date of the contract of sale rather than the date of delivery of the deed and closing of the sale, the fact that the seller had actual knowledge of the plaintiff's efforts in procuring the purchaser at the time of delivery of the deed is not determinative of this issue." *Palmer v. Malone,* 97 Ga. App. 666, 668 (4) (104 SE2d 131). The allegations in the petition that the plaintiff was the procuring cause, the efficient cause, do not alter the fatal nature of the petition in the face of the decision cited and the inferences revealed by the petition.

The mere fact that property is placed in the hands of a broker to sell does not prevent the owner from selling it. *Code* § 4-213. Here the property was not placed exclusively in the hands of the plaintiff.

We now consider the general demurrer of The Citizens and Southern National Bank. It is particularly to be noted that the effect of the plaintiff's letter dated June 1, 1959, to The Citizens and Southern National Bank was to offer his services to the bank in any prospective purchase of the property. The reply of the bank, dated June 2, was noncommittal and contained no acceptance of the offered services of the plaintiff, and nothing in the petition charges that the plaintiff rendered any services to the defendant Citizens and Southern National Bank. In short, all that happened was that the agent voluntarily forwarded information to the bank that these properties were for sale. The bank, without availing itself of the

proffered services of the plaintiff's agent, directly submitted its own bid to the seller, which was accepted.

We must recognize as the law that there is no obligation upon the part of a prospective buyer to accept the volunteered services of an agent looking to the sale of property. Here, under the allegations of the petition the services tendered were not accepted. The commission, if any, is to be paid by the seller unless otherwise agreed upon, and, as held in division 2 (a) above, the seller was not liable. The defendant buyer did not contract to pay the commission, and the petition admits this to be the case.

With respect to the allegations based upon contract, the petition does not state a cause of action against the defendant The Citizens and Southern National Bank.

It remains to be demonstrated in this case that the general allegations of the conspiracy as added by amendment to the petition are not sufficient to allege a cause of action for a conspiracy based on a tort against the defendants Brittain Bros. Co. and The Citizens and Southern National Bank.

The portion of the petition as amended which asserts these general allegations states that: "28. Petitioner shows that the said The Citizens and Southern National Bank, The National City Bank of Rome, and Brittain Bros. Company, by and through its proper officers and agents, *with full knowledge that your petitioner was the efficient cause of the procuring of the purchaser of the 'Firestone Property,'* did fraudulently and wrongfully conspire among themselves to defeat your petitioner's right to your petitioner's commission for the sale of said property, thereby enriching themselves." (Emphasis added.)

Concisely stated, the question is whether the allegation that the defendants conspired to defeat petitioner's right to a commission on a sale of real estate (which is the general allegation of a conspiracy) is supported by a tort, the combination of which caused damage to the petitioner. The tort, if there is one, must be found in the words that the defendants conspired "with full knowledge that . . . petitioner was the efficient cause of the procuring of the purchaser" for the property. Ordinarily, it would seem that this language, as against general

demurrer, would be sufficient to show a tort. Further, it is a basic principle that a general demurrer goes to the whole pleading to which it is addressed and should be overruled if any part of the pleading is good in substance. *Bailey v. Bell,* 208 Ga. 715 (69 SE2d 272). However, the principle of the *Bailey* case is not applicable here for the simple reason that the general allegation of the tort is negated by the specific allegations which, as we have held in divisions 2 (a) and 2 (b) above, are subject to the reasonable inference that neither of the defendants, Brittain Bros. Company or The Citizens and Southern National Bank, was liable to pay to the plaintiff commissions on the sale.

"Where allegations are equivocal, doubtful, or subject to different interpretations, they will be construed most strongly against the pleader." *Hoffman v. Chester,* 204 Ga. 296, 307 (49 SE2d 760). More specifically, a general assertion must yield, on demurrer, to the more particular statement of the transaction, and the version taken will be that most unfavorable to the pleader. *Independent Life &c. Ins. Co. v. Pantone,* 80 Ga. App. 426 (1), 429 (56 SE2d 153). General allegations must yield on demurrer to particular facts shown where inferences from the facts necessarily to be drawn are contradictory to conclusions alleged in the petition. *Luck v. Western &c. R.,* 73 Ga. App. 197 (4), 204 (36 SE2d 59). Where a pleader alleges that a conspiracy between two persons existed and sets up preliminary facts by which the pleader claims that this relationship is established, the general allegation of conspiracy is a mere conclusion unless the preliminary facts establish the relationship, and where the preliminary facts relied upon do not support the ultimate fact of the conclusion, a demurrer is properly sustained. *Walraven v. Walraven,* 76 Ga. App. 713, 717 (47 SE2d 148). Mere conclusions add nothing to the facts alleged, and a conclusion must yield, on demurrer, to the particular facts shown if inferences therefrom contradict the conclusions. *Wilkinson v. Rich's, Inc.,* 77 Ga. App. 239, 242 (48 SE2d 552). Special facts pleaded by the plaintiff which vary with the general conclusions of the petition must control. *Waller v. Wright Contracting Co.,* 91 Ga. App. 709 (86 SE2d 721).

The specific facts pleaded contradict the general averment as to the defendants' knowledge of the plaintiff's position in the transaction. From the authorities cited, it necessarily follows that the specific allegations control. The petition in its entirety does not state a cause of action against the defendants Brittain Bros. Company or The Citizens and Southern National Bank.

In view of the holding that no cause of action was stated by the petition, it becomes unnecessary to pass upon the other assignments of error.

*Judgment reversed. Carlisle, P. J., Frankum, Jordan and Russell, JJ., concur. Felton, C. J., Nichols, P. J., and Hall, J., dissent. Eberhardt, J., disqualified.*

HALL, Judge, dissenting in part and concurring in part. I concur in the rulings and judgment in Division 1, and dissent from the rulings and judgment in Division 2.

I differ with the majority's construction of the petition in these respects: The allegations which, in the majority view, show that the seller learned that the plaintiff procured the purchaser after a contract of sale was entered into (Pars. 14, 15, 16) are simply allegations that on a certain date plaintiff learned that The Citizens & Southern National Bank had made a bid and Brittain Bros. Company had accepted it, whereupon plaintiff took certain action, i.e., informed Brittain Bros. Company that he claimed his commission. The allegations that the plaintiff informed Brittain Bros. Company that The Citizens & Southern National Bank was his client and that he claimed his commission (Par. 16) do not say that Brittain Bros. Company did not already know, through the purchaser or some other source, that the plaintiff had procured The Citizens & Southern National Bank. The allegations of the petition as a whole show that Brittain Bros. Company offered to pay plaintiff a commission for finding a purchaser who consummated a purchase; that plaintiff procured The Citizens & Southern National Bank as a purchaser, and a sale to The Citizens & Southern National Bank was consummated; that Brittain Bros. Company and The Citizens & Southern National Bank attempted to conceal the sale transaction from the plaintiff; that the plaintiff informed both defendants of his claim to his commission but

they closed the sale and refused to pay him; that the defend-fendants *conspired* to deprive plaintiff of his commission with *full knowledge* that he had procured the purchaser. With regard to when the seller became aware that the plaintiff procured the purchaser, no time is alleged.

As to pleading a conspiracy, *Bishop v. Peoples Loan &c. Corp.*, 101 Ga. App. 53, 57 (113 SE2d 161), held: "So far as the conspiracy is concerned, no further specification is required than the *general terms* in which it is pleaded in the declaration . . ." (Emphasis supplied.) This is true even against a *special demurrer. National Bank of Savannah v. Evans*, 149 Ga. 67 (99 SE 123). "The law recognizes the intrinsic difficulty of proving a conspiracy. . . The rule is to allow great latitude in setting out in the complaint the particular act upon which the conspiracy is to be inferred. . . To show conspiracy it is not necessary to prove an express compact or agreement among the parties thereto. The essential element of the charge is the common design; but it need not appear that the parties met together either formally or informally and entered into any explicit or formal agreement; nor is it essential that it should appear that either by words or writing they formulated their unlawful objects. It is sufficient that two or more persons in any manner either positively or tacitly come to a mutual understanding that they will accomplish the unlawful design." *Cook v. Robinson,* 216 Ga. 328 (5) (116 SE2d 742).

The facts in the present case are not identical with *Palmer v. Malone,* 97 Ga. App. 666 (104 SE2d 131), cited by the majority, or *State Life Ins. Co. v. Whitehurst,* 67 Ga. App. 646, 647 (21 SE2d 474). In neither of those decisions were there any facts alleged showing bad faith on the part of the seller. Conduct with the intent to deprive the plaintiff of his right to a commission would constitute a tort. *Davidson v. Collier,* 104 Ga. App. 546, 550 (122 SE2d 465) ; *Glassman v. Melrose Const. Co.,* 100 Ga. App. 763 (112 SE2d 282).

As to the proper construction of pleadings, the Supreme Court has said: "We are not unmindful of the rule that on general demurrer the plaintiff's petition will be construed most strongly against him, but there is another rule that the peti-

tion must be construed as a whole . . . and the final test of the sufficiency of a petition as against a general demurrer is whether the defendant can admit all that is alleged and escape liability." *Frazier v. Southern Ry. Co.*, 200 Ga. 590, 597 (37 SE2d 774). In addition, the rule as to construing the plaintiff's petition most strongly against him on demurrer ". . . should not be perverted by unwarranted and strained construction." *Neal v. Stapleton*, 203 Ga. 236, 245 (46 SE2d 130); *Toler v. Goodin*, 200 Ga. 527, 535 (37 SE2d 609); *New Cigar Co. v. Broken Spur, Inc.*, 103 Ga. App. 395 (119 SE2d 133). ". . . a strained and unnatural construction will not be given [pleadings] in order to raise an inference against the pleader." *National Fire Ins. Co. v. Banister*, 104 Ga. App. 13 (1) (121 SE2d 46).

It is clear that the present petition, construed as a whole, alleges that the plaintiff was entitled to a commission, that the defendants tried to conceal the buying and selling from him, and with knowledge that plaintiff was entitled to a commission conspired to defeat his right.

Decisions should be on the merits of the particular case and not on procedural niceties. "Appellate courts should strive to eliminate, not encourage unnecessary technicalities serving no useful purpose, but which tend to divert or nullify justice." *General Accident Fire &c. Corp. v. Titus*, 104 Ga. App. 85, 87 (121 SE2d 196). Today our pleading rules are implemented by pre-trial discovery and summary judgment to disclose, in many cases, the true nature of the action, narrow the trial to real controverted issues, and permit either a plaintiff or a defendant to have judgment, in a relatively short time, where there is no bona fide cause of action or defense. See *Reynolds v. Reynolds*, 217 Ga. 234, 246 (123 SE2d 115); *Setzers Super Stores v. Higgins*, 104 Ga. App. 116, 120 (121 SE2d 305). These procedures are designed to make unnecessary and supplant the ancient strict rules of pleading, the purpose of which was to assure that the opposing party might have adequate notice of the nature of the claim he must defend.

In my opinion the allegations of the petition are sufficient to cover knowledge by the seller of plaintiff's rights before a con-

tract of sale was entered into, and I would not on general demurrer deprive the plaintiff of his historic and constitutional right to a jury trial on this issue. If the defendants had wished to contend that there was in fact no such knowledge and that there was no genuine issue on this very material fact, they could have easily availed themselves of any one or more of the pretrial procedures mentioned above, and forced the plaintiff to come forward immediately with his evidence on this point or else be subjected to an adverse summary judgment.

The defendants have not availed themselves of the ancient pleading device (special demurrer) by which they might have obtained more specific notice of the time the plaintiff claimed the seller first knew of plaintiff's right. "When called upon to do so by *special demurrer,* the date of every traversable fact, unless some sufficient reason to the contrary is shown, should be stated. *Warren v. Powell,* 122 Ga. 4 (49 SE 730)." *Allen v. Gates,* 145 Ga. 652 (5) (89 SE 821). (Emphasis supplied.) However, the question of specific time cannot be raised by a *general demurrer* or by an oral motion to dismiss. *Moon v. Atlas Auto Finance Co.,* 101 Ga. App. 260 (2) (113 SE2d 462).

Here we are considering the conspiracy petition on general demurrer. Even if the defendants had filed a special demurrer, the plaintiff could possibly have met such special demurrer, if he in fact did not know the time of the conspiracy, with an allegation that the time was unknown to the plaintiff but well known to the defendants. *Wright v. Lester,* 105 Ga. App. 107 (2) (123 SE2d 672). The *Wright* case was a suit for alienation of affections and the time and dates sought were as to alleged rendezvous between the plaintiff's wife and the male defendant. Activities of that type and conspiracies are, due to their peculiar nature, presumably consummated without notice or publication to the injured party or the general public.

Over one hundred years ago Judge Lumpkin stated that the ". . . Legislature and the courts have combined to lay the axe to . . ." the technicalities of common-law pleading, ". . . and under their joint blows this Upas tree of fiction and folly *must* fall." *Tuggle v. Wilkinson,* 17 Ga. 90. The view of the majority is, in my opinion, a new sprout upon the old stump.

For these reasons, I would affirm the judgment as to Brittain Bros. Company and The Citizens & Southern National Bank, and reverse as to the National City Bank of Rome.

I express no opinion concerning the matter dealt with in Judge Felton's additional dissent.

I am authorized to say that Felton, C. J., and Nichols, P. J., concur in this dissent.

FELTON, Chief Judge, dissenting in part. I concur in the rulings and judgment as to the National City Bank of Rome.

I dissent from the rulings and judgment as to the other two defendants.

I concur in the dissent of Judge Hall as I consider it to be grounded on one proposition and one alone, to wit: that a proper construction of the petition is that the petition does not show on its face that the property owner did not know that the plaintiff was the procuring cause of the sale of the property until after the owner had entered into the contract of sale.

I dissent from the majority rulings and judgment as to Brittain Bros. Company and The Citizens & Southern National Bank for an additional reason. The basic premise upon which the majority rely is that, in all cases where an owner has listed property for sale, the owner has a right to sell the property without having an obligation to pay a broker a commission for the sale unless the owner has knowledge at the time he binds himself to sell the property that the broker was the procuring cause of the sale or of facts which would put him upon inquiry as to such matter. Headnote No. 2 in the case of *Palmer v. Malone*, 97 Ga. App. 666, supra, cited by the majority, cannot be taken to be the true law of this State under all circumstances. The true rule is that the owner, who sells without knowledge that a broker procured the purchaser, will not be bound for a commission to a broker if he sells at a price less than that at which it was listed. The rule is otherwise if the owner sells at the price listed with the broker. In the *Palmer v. Malone* case, supra, as shown by the statement of facts in the 4th Headnote, the owner sold the property for $5,000 less than that at which it was listed. A reading of the case of *State Life Ins. Co. v. Whitehurst*, 67 Ga. App. 646 (2) (21 SE2d 474) will

show what the true rule is as do the cases of *Tidwell v. Hines,* 28 Ga. App. 806 (113 SE 48) ; *Mobley v. Tinsley,* 31 Ga. App. 259 (1) (120 SE 437) ; and *Indiana Fruit Co. v. Sandlin,* 125 Ga. 222 (2) (54 SE 65). The rationale of this rule of law is that where a broker has failed to sell property at a price fixed by the owner, if the owner sells the property at a price less than the price listed, he is entitled to notice as to whether the broker may have a claim for commission in determining the price at which he will sell the property. Under the cases above cited, if the owner sells the property at the price listed with the broker, the owner is liable to the broker procuring the sale whether the owner knew of the broker's interest at the time of making the sale or not, for the reason that the owner has been protected with regard to the commission because the commission is included in the sale price. In the instant case, the property was not listed with the brokers to be sold at any certain price. The contract with the brokers was that they obtain prospective purchasers who would make an offer for the property to the seller. The same principle heretofore referred to would apply in this case if the price at which the property was sold included the agreed broker's commission and it would not make any difference whether the owner knew at the time it bound itself to sell the property whether the plaintiff was the procuring cause of the sale. If the sale price did not include a broker's commission and there was no fraud in its not being included, and the owner did not know that the plaintiff procured the sale before it became bound to sell, I do not think that the plaintiff would be entitled to recover. The basis of this dissent is the proposition of law stated above, plus the fact that it does not affirmatively appear in the petition that the contract price of the property did not include the broker's commission.