## 28319.  ATLANTA TITLE AND TRUST COMPANY *v.* ALLIED MORTGAGE COMPANY.

DECIDED NOVEMBER 23, 1940.  REHEARING DENIED DECEMBER 16, 1940.

*Tye, Thomson & Tye, R. A. Edmondson Jr.,* for plaintiff in error.
*Bryan & Mobley, Coleman, Spain, Stewart & Davis,* contra.

BROYLES, C. J.  This is the third appearance here of this case. On its first appearance this court held (58 *Ga. App.* 366, 198 S. E. 310) that the general demurrer to the petition should have been sustained because the petition failed to allege "that the mortgagee had actually suffered a loss by reason of the existence of a lien paid off by the mortgagee because of the mortgagee's inability to collect the amount of such lien from the mortgagor who was the person primarily liable for the payment of the lien." Subsequently the petition was amended to meet the defect pointed out

by the demurrer, and this court held that the amended petition set out a cause of action and that the overruling of the demurrers thereto was not error. 60 *Ga. App.* 114 (3 S. E. 2d, 127), where the amended petition and the demurrers are fully set forth, and need not be reproduced here. On the trial of the case a verdict in favor of the plaintiff for $1479.03 principal, with interest, was returned. The defendant's motion for new trial was denied, and defendant excepted to that judgment. One special ground complains of an excerpt from the court's charge. The other special grounds are elaborations of the general grounds. The excerpt from the charge, when considered in the light of the entire charge and the facts of the case, shows no cause for a reversal of the judgment. It is alleged by the plaintiff in error that the verdict is contrary to law and the evidence because the evidence showed that the defendant in error could have collected the amount of the lien (which it paid) from the mortgagor (Long Realty Company) which was primarily liable for the payment of the lien. The evidence, while in conflict on this question, authorized the jury to find that the income of Long Realty Company was never sufficient to meet its liabilities and that it was insolvent at all times, and that the defendant in error could not have collected from it the amount of the lien. It is also alleged by the plaintiff in error that the defendant in error was not entitled to recover because the evidence showed that the payment of the lien was a voluntary payment, made "without any demand by any one in authority and without notice" to plaintiff in error. It appears that this question has been passed on by this court in its decision upon the demurrer in 60 *Ga. App.* 114. There the following ruling was made: "The contention of the defendant that the payment of the lien was a voluntary payment of taxes and could not be recovered by the plaintiff is without merit. Under the terms of the title policy, the plaintiff was indemnified against any loss or damage on account of defective title or liens against the property guaranteed." That ruling has become the law of the case and is applicable here.

The further allegation that the verdict was unauthorized, because the evidence disclosed that the defendant in error interfered with and impaired the rights of the plaintiff in error by paying off the lien, is without merit. In our opinion, under the facts of the case, the paying off of the lien did not increase the liability of the

plaintiff in error nor interfere with, or impair, its rights. The assessment was in effect a *final* judgment, and if invalid because it had been previously paid off by another, that defense could have been, and was, set up by the plaintiff in error in this case, and the evidence, while in sharp conflict, amply authorized a finding that the lien had not previously been paid off. The decision in American Surety Co. *v.* Ballman, 115 Fed. 292 (2), cited by the plaintiff in error, as pointed out by this court in its opinion in 60 *Ga. App.* 114, is not here applicable, because in that case the judgment of a trial court, which had been appealed, was paid by the surety company without consent of the indemnitor *before* the case was heard by the appellate court; and it was held that such payment discharged the indemnitor, as it had the right under the terms of the policy to prosecute the case to a *final* judgment in the appellate court. There is no merit in the contention that the verdict is unauthorized because the evidence shows the lien was paid off by Allied Mortgage Companies Inc., whereas the suit was filed by Allied Mortgage Company. "The general rule is that. in the absence of a plea or answer in abatement, the mere misnomer of a plaintiff corporation in the declaration, complaint, or bill, and a consequent variance between the pleading and the proof as to its name will not be fatal *where the identity of the corporation clearly appears, and that the judgment in the action will be valid.*" (Italics ours.) 14 C. J. p. 325. In this case, the identity of the corporation clearly appears, and, also, that the judgment will be valid. It also appears from the pleadings of both parties and the evidence and the legal inferences arising therefrom that the misnomer was a mere typographical error and that the true name of the corporation was Allied Mortgage Companies Inc.

The further contention of the plaintiff in error that the defendant in error suffered no loss by reason of the outstanding lien because the evidence shows that the defendant in error acquired the $14,000 mortgage for $8400, and received $10,000 for it, is without substantial merit. The insurable value of a mortgage on real estate is the fair market value of the realty which secures the mortgage, and is not controlled by the original purchase-price of the mortgage. For instance, if one at a forced sale should purchase, for $10,000, a building of the fair market value of $20,000, he could legitimately have it insured in the amount of $20,000, and

in the event the building was destroyed by fire recover that amount. The evidence in this case authorized a finding that the fair market value of the mortgage was $10,000, because the real estate which secured it was worth that amount, and that the plaintiff mortgage company was entitled to have received that sum intact, but that its security was impaired in the amount of $1479.03 principal, with interest—the amount of the tax lien paid off by the mortgage company. While the evidence showed that the bonds of the Security Mortgage Company were sold from time to time at a depreciated value, the undisputed evidence disclosed that the defendant in error had never bought any of such bonds in the open market, but had acquired them by giving its own bonds, dollar for dollar, in exchange for the bonds of Security Mortgage Company which it delivered to the trustee, dollar for dollar, in exchange for the mortgage in question.

The plaintiff in error further alleges that the verdict was unauthorized because it is not shown by the evidence that when the demand for payment was made by the defendant in error it was accompanied by a production of the policy sued upon, as required by a provision of the policy. The evidence shows the following stipulation was entered into by the parties: "It is stipulated on July 15, 1936, that Mr. J. H. Johnson, acting in behalf and associated with Allied Mortgage Company, made demand on Mr. Bradley, vice-president of the defendant company, for the payment of this claim, and the claim was refused." When the stipulation was admitted in evidence the defendant made no objection to it. The defendant also admitted in its pleadings that the policy sued upon was assigned to the plaintiff, and it never denied the execution of the policy or its existence. Furthermore, there is a clear legal inference from the evidence that the demand for payment of the claim was refused by the defendant on the ground of its non-liability, and therefore the formal production of the policy was waived by the defendant. See, in this connection, *Commercial Casualty Insurance Co.* v. *Mathews,* 61 *Ga. App.* 358 (6 S. E. 2d, 172). The other allegations of the plaintiff in error, as to why the verdict was contrary to law and the evidence, are without substantial merit and show no cause for a reversal of the judgment. The cases cited in behalf of the plaintiff in error are not controlling in this case.

The verdict was amply authorized by the evidence, and the denial of a new trial was not error for any reason assigned.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*