162 So.2d 269 (1964)
Henry L. GOODE and Helen M. Goode, his wife, Appellants,
v.
FEDERAL TITLE AND INSURANCE CORPORATION, now known as Federal Fire and Casualty Company, Appellee.
No. 4147.
District Court of Appeal of Florida. Second District.
March 11, 1964.
Rehearing Denied April 9, 1964.
Harris, Wing, Clark & Green, St. Petersburg, for appellants.
Lubin & Samuels, St. Petersburg, for appellee.
PER CURIAM.
The parties will be referred to as they appeared in the court below. The plaintiffs (appellants) brought suit upon a mortgage title insurance policy issued by the defendant (appellee), which policy insured the plaintiffs' lien on certain real property subject to a mortgage held by the plaintiffs as assignees. The mortgagor had defaulted, and the mortgage was placed with attorneys for collection. It was then discovered that title was not in the mortgagor, Johnny W. Ford, Jr., as insured, but in one Mae Ford. Demand was made for payment under the policy, and on August 11, 1961, the plaintiffs filed the instant suit. Subsequently, by quit claim deed dated August 24, 1961, and recorded on August 31, 1961, title to the property was conveyed to the mortgagor, Johnny W. Ford, Jr.
The lower court considered the cause on a stipulated statement of facts and concluded that, while the plaintiffs are entitled to recover for any loss sustained by reason of impairment of the security, they could not proceed in an action at law upon the contract of insurance until such loss, if any, is determined by foreclosure of the mortgage. The court accordingly entered final judgment for the defendant, but without prejudice to the plaintiffs' right "to bring an action for impairment of security after *270 having exhausted their remedies upon the Chancery side of the Court."
The plaintiffs appeal, contending that since title to the premises was not in the mortgagor at the date of the mortgage, there was a breach of the contract of insurance; that the defendant should therefore be required to respond in damages; and that the plaintiffs were not required to show actual monetary loss. To support their argument, the plaintiffs rely upon the language of the policy which insures against loss or damage "* * * by reason of the invalidity of the lien thereof upon said land, or by reason of title to the said land being vested at the date hereof otherwise than as herein stated. * * *" The plaintiffs assert that the quit claim deed came too late and is really immaterial. On the other hand, the defendant contends that it had an absolute right under the policy to clear the title, and that in any event the plaintiffs have not proven any loss.
It is settled law that in case of uncertainty or ambiguity a contract of insurance will be construed liberally in favor of the insured. 18 Fla.Jur., Insurance, § 94; and see Poole v. The Travelers Ins. Co., 1938, 130 Fla. 806, 179 So. 138; Bennett v. Fidelity & Casualty Company of New York, Fla.App. 1961, 132 So.2d 788. In the contract under consideration, however, we find no provisions necessitating application of that principle. Our attention has not been called to any language in the policy evincing an intent that it should be construed as so penal in nature as to dispense with showing loss or damage. In fact, the provision upon which the plaintiffs rely, a portion of which is quoted above, insures "* * * against loss or damage not exceeding * * * ($4600.00). * * *" (Emphasis added.)
The contract in question is to indemnify the insured against loss or damage sustained. 18 Fla.Jur., Insurance, § 466. The principles controlling the measure of recovery in actions on such contracts are well stated in the Annotation, 60 A.L.R.2d 972, at 975-976:
"In measuring an insured's loss resulting from a breach of the policy as to title, the fundamental rule that an insured is entitled to recover the actual loss or damage sustained from a defect, lien, or encumbrance affecting his title which was not excepted from the policy's coverage, applies regardless of whether the insured is the owner of the property or a mortgagee. However, since their interests differ in nature, the loss or damage sustained by each correspondingly differs and is measured accordingly. * * *
"In approaching a determination of the extent of a mortgagee's loss or damage resulting from a defect in title, it must be borne in mind that a title policy insuring a mortgagee insures only the title to the lands securing his debt and not the debt, obligating the insurer to indemnify the mortgagee against loss or damage resulting from defects in his title as mortgagee but neither guaranteeing that the mortgaged property is worth the amount of the mortgage nor guaranteeing that the mortgage debt will be paid. Broadly speaking, most of the cases in which the question has arisen have deemed a mortgagee's loss to be the difference between the value of the mortgage subject to the defect and what its value would have been had the defect not existed, in other words, the extent to which his security has been impaired. * * *" (Emphasis added.)
We believe the trial court was correct in denying plaintiffs' claim for damages. The facts, as stipulated in the trial court, include no evidence or proof that the plaintiffs sustained loss or damage from the initial imperfection of title. While we cannot agree that it is necessary for the plaintiffs to foreclose the mortgage in order to prove damages, it was necessary for the plaintiffs to prove their damages, the measure of *271 which is normally the difference between the market value of the mortgage, if the lien thereof were as insured, and the market value of the mortgage with the title imperfection. This is the extent to which the plaintiffs' security has been impaired by the defect in title. In re Gordon, 1935, 317 Pa. 161, 176 A. 494. The judgment for the defendants, even though entered for an erroneous reason, was correct and is therefore affirmed. In view of the fact that the appellee has filed no cross-assignments of error, we do not pass upon the propriety of that portion of the appealed judgment which recites that it is without prejudice to the plaintiffs' right to follow the stated procedure.
SMITH, C.J., ALLEN, J., and McLANE, RALPH M., Associate Judge, concur.