163 So.2d 512 (1964)
FLORIDA HOME INSURANCE COMPANY, Appellant,
v.
Morris BRAVERMAN and Lucille Braverman, his wife, Appellees.
Nos. 63-380, 63-381.
District Court of Appeal of Florida. Third District.
April 21, 1964.
Rehearing Denied May 19, 1964.
Scott, McCarthy, Preston & Steel and William B. Killian, Miami, for appellant.
R.M. MacArthur and Edward C. Vining, Jr., Miami, for appellees.
Before BARKDULL, C.J., and TILLMAN PEARSON and HENDRY, JJ.
HENDRY, Judge.
This appeal and cross-appeal is from the summary final judgment of the circuit court awarding plaintiff the face amount of a mortgagee's policy of title insurance as damages, but refusing to award interest thereon.
Appellant, insurance company, was the defendant below and raises two points; (1) it was error to grant appellees' motion for summary judgment when issues of fact existed; (2) the court erred in granting judgment for the face amount of the policy. Appellees' cross-appeal raises the single proposition that the circuit court erred in failing to award interest.
In regard to appellant's assignments of error, we agree as to one and disagree as to the other. We affirm the court's granting of summary judgment on the contract of insurance, and reverse the award of damages.
*513 After careful review of the record we agree that there were no material issues of fact and the court properly granted summary judgment in regard to appellant's liability.[1]
The trial court did err, however, in granting judgment for the face amount of the policy. This point has recently been determined by the Second District Court of Appeal in Goode v. Federal Title and Insurance Corp., Fla.App. 1964, 162 So.2d 269, wherein that court stated the rule to be:
"While we cannot agree that it is necessary for the plaintiffs to foreclose the mortgage in order to prove damages, it was necessary for the plaintiffs to prove their damages, the measure of which is normally the difference between the market value of the mortgage, if the lien thereof were as insured, and the market value of the mortgage with the title imperfection. This is the extent to which the plaintiffs' security has been impaired by the defect in title."
The above thereby imposes upon the appellees the burden of establishing by competent evidence the amount of damage they have sustained. Appellees have not complied with this requirement. This is not to say that appellees may not be entitled to recover the face amount of the policy if they establish by competent evidence that amount as their damage. But they are not entitled, as a matter of law, to recover the face amount simply by establishing that the loss was within the risk insured against by the policy. It is the insured's burden to establish the amount of his loss up to the face amount of the policy. The face amount of the policy is the upper-limit for which the insurance company will be liable.
The trial court, therefore, erred in granting judgment for the face amount of the policy without having received sufficient evidence as to the amount of damage. In fairness to the learned circuit judge, we must point out that the Goode case was decided after the entry of his order.
The trial court also erred when it refused to award appellees' interest. Appellees were entitled to recover interest from the date that the debt was due.[2]
Upon remand, after the court has determined the amount of damage, if any, suffered by appellees, it will as part of the judgment, award interest from the date the obligation accrued.
Accordingly, the judgment appealed from is affirmed in part, reversed in part and remanded for proceedings not inconsistent herewith.
Affirmed in part, reversed in part and remanded.
NOTES
[1] National Airlines v. Florida Equipment Co., Fla. 1954, 71 So.2d 741; Johnson v. Studstill, Fla. 1954, 71 So.2d 251; Jones v. Hartford Accident and Indemnity Co., Fla.App. 1959, 109 So.2d 582.
[2] Parker v. Brinson Construction Company, Fla. 1955, 78 So.2d 873; Evans v. Borkowski, Fla.App. 1962, 139 So.2d 472.