168 So.2d 580 (1964)
Gustave RING, Appellant,
v.
HOME TITLE GUARANTY COMPANY, a New York Corporation, Appellee.
No. 64-57.
District Court of Appeal of Florida. Third District.
October 20, 1964.
Rehearing Denied November 25, 1964.
*581 Anderson & Nadeau, Miami, for appellant.
Shutts, Bowen, Simmons, Prevatt & Boureau and Cotton Howell, Miami, for appellee.
Before BARKDULL, C.J., HORTON, J., and BALABAN, HENRY L., Associate Judge.
BALABAN, Associate Judge.
This appeal is from a final decree denying plaintiff's (appellant) recovery under a mortgagee's title insurance policy.
Plaintiff held a mortgage on certain real property in Dade County. Defendant (appellee) issued a title insurance policy insuring plaintiff's mortgage lien thereunder. The policy insured against loss or damage not exceeding $100,000:
"* * * which the Insured shall sustain by reason of any defect in the execution of said mortgage or deed of trust, but only insofar as such defect affects the lien or charge of such mortgage or deed of trust upon the said land, or by reason of the invalidity of the lien thereof upon said land, or by reason of title to the said land being vested at the date hereof otherwise than as herein stated, or by reason of unmarketability of the title of the mortgagor or trustor, or by reason of any defect in, or lien or encumbrance on said title at the date hereof, or by reason of any statutory lien for labor or material which now has gained or hereafter may gain priority over the lien upon said land of said mortgage or deed of trust, other than defects, liens, encumbrances and other matters set forth in Schedule B, or by reason of the priority thereto of any lien or encumbrance at the date hereof except as shown by Schedule B, * * *."
Subsequent to the issuance of the insurance policy, plaintiff filed a suit in Circuit Court to foreclose his mortgage. In that proceeding the court decreed that an architect's claim of lien in the sum of $24,000 was superior to the plaintiff's mortgage lien and ordered a sale of the property to satisfy the architect's lien.
The evidence in this suit showed that the architect's lien antedated the issuance of the title policy and was not excepted under the provisions of the policy. Plaintiff then paid and discharged the architect's lien without proceeding to a judicial sale under the foreclosure decree.
Plaintiff has urged several grounds for reversal of the decree of the lower court. After a careful review of the record, we are compelled to affirm. Plaintiff failed to establish by any competent evidence the amount of damage he sustained. Evidence of payment of the architect's prior lien, without any showing that his mortgage security was impaired by the architect's prior lien, was insufficient to establish loss or damage within the meaning of the policy provisions.
*582 In a recent decision[1] of this court involving a claim by a mortgagee for loss due to a defective underlying title, we quoted with approval the rule from Goode v. Federal Title and Insurance Corp., 1964, 162 So.2d 269 pertaining to damages under a similar mortgagee's title policy.
The rule for measurement of damages approved in Florida Home Insurance Co. v. Braverman, supra, for recovery for defective title is no less applicable to damages for recovery under a policy for a prior lien not excepted under the policy.
The rule applicable in this case is concisely stated in 45 C.J.S. Insurance § 969, page 1162:
"A mortgagee is entitled to be indemnified to the extent to which his security has been impaired by the breach of a policy insuring against damage from other liens, or which, guarantees the validity of an existing mortgage or a mortgage given as security for an existing indebtedness." (Emphasis supplied.)
We recognize that it has been stated by the annotator in 60 A.L.R.2d, 972, 989:
"A mortgagee has been held entitled to recover, within the limit of his policy, the amount of a prior lien which was not disclosed by the policy where  he has discharged such lien."
The annotation cites as authority Atlanta Title and Trust Co. v. Allied Mortg. Co. (1940), 64 Ga. App. 38, 12 S.E.2d 147. An analysis of the Atlanta Trust case reveals that evidence was presented as to the value of the mortgage in addition to the payment and discharge of the prior lien by the insured. The court stated (12 S.E.2d at page 149):
"The evidence in this case authorized a finding that the fair market value of the mortgage was $10,000, because the real estate which secured it was worth that amount, and that the plaintiff mortgage company was entitled to have received that sum intact, but that its security was impaired in the amount of $1,479.03 principal, with interest  the amount of the tax lien paid off by the mortgage company."
While it was recognized in the Braverman and Goode decisions that it was not necessary for an insured under a mortgagee's title policy to foreclose his mortgage in order to prove his damages, it was essential for plaintiff to offer some competent proof that his security had been impaired. See for example First Nat. Bank & Trust Company of Port Chester v. New York Title Ins. Co., 171 Misc. 854, 12 N.Y.S.2d 703, 712:
"* * * The value of the underlying property is not the sole index of the worth of a mortgage. The ascertainment of such value is a matter of the exercise of reasonable judgment after an intelligent and honest canvass of all factors relevant to the particular security. Matter of New York Title & Mortgage Co., 277 N.Y. 66, 13 N.E.2d 41, 115 A.L.R. 614."
We pretermit any discussion of the several issues raised by the respective parties concerning the giving of prompt notice, the obligation of the defendant to defend, the effect of the title company's refusal to defend, the legal effect of the title company's "sub rosa" participation in the lien action, the alleged exercise of bad faith on the part of the insured, the alleged prejudice resulting to the title company because of the plaintiff's conduct, etc., for the obvious reason that the same are rendered moot in the light of the ratio decidendi applied in this case.
Affirmed.
NOTES
[1] Florida Home Insurance Co. v. Braverman, Fla.App. 1964, 163 So.2d 512.