214 So.2d 95 (1968)
BANK OF MIAMI BEACH, a Corporation, Appellant,
v.
LAWYERS' TITLE GUARANTY FUND, a Business Trust, the Fidelity and Casualty Company of New York, a Corporation, and Security Mutual Casualty Company, a Corporation, Appellees.
No. 68-43.
District Court of Appeal of Florida. Third District.
August 20, 1968.
Rehearing Denied September 13, 1968.
Irving Cypen Law Offices and Arnold Nevins, Miami Beach, for appellant.
Walton, Lantaff, Schroeder, Carson & Wahl and Aubrey v. Kendall, Miami, for Lawyers' Title Guaranty Fund.
Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell and Dennis G. King, Miami, for Fidelity and Casualty Co.
Blackwell, Walker & Gray, Miami, for Security Mutual Cas. Co.
Before CHARLES CARROLL, C.J., and PEARSON and BARKDULL, JJ.
PEARSON, Judge.
The Bank of Miami Beach brought action against Lawyers' Title Guaranty Fund on a policy which guaranteed the validity of a mortgage.[1] The trial court entered a summary final judgment for the defendant, and this appeal is from that judgment. We affirm.
The summary final judgment does not set forth the basis of the trial court's decision. The appellee has presented several arguments in support of the judgment of the trial court. The first of these is that the alleged loss is not within the coverage of the policy. Our decision is based entirely upon a holding that the trial court correctly determined that the loss was not within the coverage of the policy. Therefore we do not pass upon the validity of any other argument advanced in support of the summary judgment.
*96 The facts of the case are clear. The appellee, Lawyers' Title Guaranty Fund, for value, issued to the appellant, the Bank of Miami Beach, the following Opinion on Title and Guarantee of Validity of Mortgage:
* * * * * *
"Based on an examination of the mortgage, an examination of the certified abstract of title (or certified chain of title and an examination of the public records indicated thereby), and an examination of the public records subsequent to the period covered by the abstract or chain of title, the undersigned, a member (or firm composed of members) of LAWYERS' TITLE GUARANTY FUND, hereby advises the above named Mortgagee (the terms `mortgage' and `Mortgagee' having the enlarged meaning given them in the Conditions herein) that, in the opinion of the undersigned, the mortgage described in Schedule A hereof has been executed in accordance with law and constitutes a valid mortgage lien on the property described in said mortgage as security for the indebtedness identified by said mortgage, and said mortgage lien is subject only to such encumbrances, liens, and other objections as are referred to in Schedule B hereof.
* * * * * *
GUARANTEE OF VALIDITY OF MORTGAGE
"IN CONSIDERATION of the above named attorney at law (or firm of attorneys at law) having qualified as and being a member (or members) of LAWYERS' TITLE GUARANTY FUND, LAWYERS' TITLE GUARANTY FUND (a business trust under the provisions of the Declaration of Trust filed with the Secretary of State of Florida in Tallahassee, Florida, on March 22, 1947, and any amendments to the Declaration of Trust subject to the Conditions herein, [sic] guarantees to the Mortgagee named above (the terms `mortgage' and `Mortgagee' having the enlarged meaning given them in the Conditions herein) that the mortgage referred to in Schedule A hereof has been executed in accordance with law; and LAWYERS' TITLE GUARANTY FUND, subject to the Conditions herein, further guarantees to the Mortgagee, the Mortgagee's legal representatives, heirs, legatees, successors and assigns, that said mortgage constitutes a valid mortgage lien on the property described in said mortgage, subject only to such encumbrances, liens, and other objections as are shown in Schedule B hereof, and LAWYERS' TITLE GUARANTY FUND will pay to the Mortgagee all loss or damage, in an amount not to exceed the amount of indebtedness, as stated above, that Mortgagee may sustain because of encumbrances, liens, or other objections in the title to the property of the Mortgagor named in Schedule A hereof that have not been excepted in Schedule B hereof. This Guarantee shall become effective when the opinion above has been duly signed and delivered by a member of LAWYERS' TITLE GUARANTY FUND."
Required payments were not made, and the appellant Bank foreclosed the insured mortgage. At the foreclosure action against the mortgagors it was established that the signatures of the mortgagors on the mortgage deed were genuine but that the signatures of the mortgagors on the mortgage note were forged. The court found the equities to be with the mortgagors and against the mortgagee Bank. The Bank then instituted the present action against the appellee. The question of law presented is: "Does an invalid mortgage note render a mortgage lien invalid so as to subject the insurer on a title insurance contract which guaranteed the validity of the mortgage lien to liability for breach of contract?" Our answer: No.
The Bank urges that the words "constitute a valid mortgage lien on the property described in said mortgage" mean that the appellee insured the Bank against loss caused by any defect in the mortgage, and *97 that the loss caused by the forged note is a defect in the mortgage compensable under the terms of the title insurance contract. We cannot agree.
A defect in a mortgage note is not a defect in title; mortgage debts are members of one legal species, titles and liens, another. This conclusion follows from an excerpt from a 1904 case quoted by Judge Parker in Narberth Building & Loan Ass'n v. Bryn Mawr Trust Co., 126 Pa.Super. 74, 190 A. 149, 151 (1937):
* * * * * *
"`The provisions of this policy did not constitute the defendant company a surety for the mortgaged debt, nor a guarantor of its payment. The defendant did not undertake to insure that the property mortgaged was a sufficient security for the debt. What it did undertake to do was to indemnify against loss or damage sustained by reason of defects of title and liens upon the land.' Whiteman v. Merion T & Tr. Co., 25 Pa.Super. 320, 322."
Goode v. Federal Title and Insurance Corporation, Fla.App. 1964, 162 So.2d 269, supplies Florida authority for our holding. The Second District Court of Appeal quoted the following portion of the annotation "Title Insurance  Amount of Recovery," 60 A.L.R.2d 972, 976 with favor:
* * * * * *
"`In approaching a determination of the extent of a mortgagee's loss or damage resulting from a defect in title, it must be borne in mind that a title policy insuring a mortgagee insures only the title to the lands securing his debt and not the debt, obligating the insurer to indemnify the mortgagee against loss or damage resulting from defects in his title as mortgagee but neither guaranteeing that the mortgaged property is worth the amount of the mortgage nor guaranteeing that the mortgage debt will be paid.'" 162 So.2d at 270.
We agree with the foregoing quotation and affirm the judgment appealed.
NOTES
[1] This cause is still pending in the trial court upon appellant's action against other defendants who were joined in the action under a different theory of liability.