213 So.2d 518 (1968)
Edwin W. FERRELL and Marie C. Ferrell, His Wife, Appellants,
v.
INTER-COUNTY TITLE GUARANTY & MORTGAGE COMPANY, a Foreign Corporation, Appellee.
No. 67-742.
District Court of Appeal of Florida. Third District.
August 21, 1968.
Rehearing Denied September 9, 1968.
Thomas A. Horkan, Jr., and Alfred D. Bieley, Miami, for appellants.
George N. Jahn, Horton & Schwartz, Miami, for appellee.
Before PEARSON, BARKDULL and SWANN, JJ.
PEARSON, Judge.
The appellants, plaintiffs in the trial court, brought action against the appellee, Inter-County Title Guaranty & Mortgage Company, upon a mortgage guaranty policy issued by the appellee to the appellants. This appeal is from a summary final judgment for the Company.
The trial court made the following findings of fact and of law:
* * *
"2. That at the hearing of both of said Motions, it was undisputed and *519 agreed upon by both the plaintiffs and the defendant that at all times involved in these proceedings, the real property which was the subject matter of the mortgagee's title insurance policy involved in this cause, with improvements, did not exceed in value the sum of $3,860.00.
"3. The title policy issued by the defendant and which was the subject matter of the plaintiffs' Complaint in this cause was to indemnify the insured against loss or damage they may have sustained from any defect, lien or encumbrance affecting the title to the company [sic]. The title policy did not guarantee either that the mortgaged premises was worth the amount of the mortgage or that the mortgage debt would ever be paid. Godde [sic] et ux. v. FEDERAL TITLE & INSURANCE CO. [Fla.App.], 162 So.2d 269; FLORIDA HOME INSURANCE CO. v. BRAVERMAN [Fla.App.], 163 So.2d 512; RING v. HOME TITLE GUARANTY CO. [Fla.App.], 168 So.2d 580.
"The mortgage held by the Plaintiffs was insured by the Defendants' title policy as a second mortgage. The first mortgage, to which the Plaintiffs' mortgage was inferior, was the subject of a foreclosure action instituted by the holder thereof in the Circuit Court in and for Alachua County, Florida; and at the time of the institution of the foreclosure action on said first mortgage, the balance of principal and interest due thereon was $4,144.14.
"Personal service of process was had upon the Defendants in said suit and a Decree Pro Confesso was entered against them on December 4, 1963. Subsequently, in the course of said action, an Answer was filed by the record title holders that the first mortgage being foreclosed by the holder thereof, one PAUL M. STARTZMAN, was, in fact, forged. A Final Decree was entered in said foreclosure suit on February 28, 1965, adjudicating that the preexisting first mortgage was forged as to the signature of one of the fee title holders and the said first mortgage Deed was cancelled but the first mortgagee was granted a first equitable lien upon the property involved in the amount of $3,860.00. Said Final Decree also adjudicated that the mortgage of the Plaintiffs herein was also a forgery as to one of the fee title holders. The property then preceeded to be sold and was sold by special master under the provisions of said Final Decree, being purchased by the said PAUL M. STARTZMAN.
"The only evidence introduced by the Plaintiff in reference to the value of their mortgages [sic] was that the stipulated value of the property involved agreed upon by the Plaintiffs and Defendant in this cause was only the total value of $3,860.00. Among the exhibits submitted by the Plaintiffs in connection with their Affidavits of Proof was the offer by the said PAUL M. STARTZMAN to convey the property to the Plaintiffs in this cause for the sum of $3,860.00.
"Based upon the Affidavits of Proof filed by the Plaintiffs and the exhibits attached thereto and the evidence as to the stipulated value of the property involved in these proceedings and all other pleadings filed in this cause, this Court finds that there was no loss or damage resulting to the Plaintiffs from the defects in the title of their insured second mortgage Deed.
"4. The court pertermits a consideration of the failure of the Plaintiffs to prove or allege its compliance with any of the conditions precedent to the Defendant's liability under the title insurance policy as set forth in the stipulations and conditions thereof and the defense raised by the Defendant in its cross-affidavit to the Plaintiffs' Motion for Summary Judgment based thereon for the obvious reason that the same need not be considered by the Defendant in light of the ratio decidendi applied in this judgment. That based upon the pleadings filed in this *520 case, the Plaintiffs' Affidavit of Proof and all exhibits attached thereto and the stipulated evidence presented to this Court at the time of the final hearing, there is no genuine issue as to a material fact and, therefore, the Defendant is entitled to a final summary judgment as a matter of law."
The policy insures
"* * * the owner of the indebtedness secured by the mortgage or deed of trust described in Schedule A, herein called said indebtedness, and each successor in interest in ownership thereof, and also any such owner who acquires the land referred to in this Policy in satisfaction of said indebtedness as provided in the conditions and stipulations hereof, herein called the Insured, against loss or damage not exceeding TWO THOUSAND FOUR HUNDRED NINETY _____________ Dollars, which the Insured shall sustain by reason of any defect in the execution of said mortgage or deed of trust but only insofar as such defect affects the lien or charge of such mortgage or deed of trust upon the said land, or by reason of the invalidity of the lien thereof upon said land, or by reason of title to the said land being vested at the date hereof otherwise than as herein stated, or by reason of unmarketability of the title of the mortgagor or trustor, or by reason of any defect in, or lien or encumbrance on said title at the date thereof, or by reason of any statutory lien for labor or material, which now have gained or hereafter may gain priority over the lien upon said land of said mortgage or deed of trust, other than defects, liens, encumbrances and other matters set forth in Schedule B, or by reason of the priority thereto of any lien or encumbrance at the date hereof except as shown by Schedule B, all subject, however, to the conditions and stipulations hereto annexed, which conditions and stipulations together with said Schedules A and B are hereby made a part of this Policy."
The exceptions in Schedule B are:
"1. General and special taxes for the year 1960 and subsequent years. Special taxes and assessments now assessed or levied but payable in future installments. 2. Mortgage made by JAMES F. JULIAN and CLEO JULIAN, his wife, to AWARD HOMES, INC., dated November 23, 1960 and filed December 29, 1960 in O.R. Book 123, Page 280, Public Records in Alachua County Florida."
Appellants' single ground for reversal is that the trial court's finding "that there was no loss or damage resulting to the Plaintiffs from the defects in the title of their insured second mortgage Deed" was erroneous. The appellee contends here, as it did in the trial court, (1) that it insured the appellants against loss or damage caused by any defect in the execution of the mortgage; (2) there was a defect in the execution of the mortgage; (3) but the adjudication in the foreclosure action that the first mortgagee had an equitable lien on the insured property destroyed any interest the appellants had in the insured property; (4) therefore any loss suffered by the appellants was caused by the imposition of the equitable lien and not by the admitted defect in the mortgage, and so the appellants were properly precluded from recovering on the mortgage guaranty policy.
We do not agree with this conclusion, because we cannot accept the third premise of appellee's argument. The adjudication that the first mortgagee had an equitable lien on the insured property did not destroy appellants' interest in the property. Rather, the defect in the second mortgage destroyed their interest. Had the second mortgage not been defective, the appellants would still have had an interest in the property despite the fact that the first mortgagee possessed an equitable lien on the property.
We therefore hold that since the appellants suffered loss or damage because of a defect in their mortgage, their loss is compensible *521 under the title insurance policy issued to them by the appellee. But the amount of the loss has not yet been determined.
Florida Home Insurance Company v. Braverman, Fla.App. 1963, 163 So.2d 512, 513, held that a party is not entitled as a matter of law to recover the face amount of a title insurance policy simply because the loss was within the risk insured; rather, the party has the burden of establishing the amount of loss up to the face amount of the policy.
We hold that a material issue of fact, the amount of loss, is yet to be resolved, and, therefore, the final summary judgment in favor of the appellee was improperly entered.
Reversed and remanded.