355 So.2d 510 (1978)
FIRST COMMERCE REALTY INVESTORS, Appellant,
v.
PENINSULAR TITLE INSURANCE COMPANY, Appellee.
No. GG-74.
District Court of Appeal of Florida, First District.
March 3, 1978.
Robert J. Mayes of Levin, Warfield, Middlebrooks, Graff, Mabie, Rosenbloum & Magie, Pensacola, for appellant.
T.A. Shell of Shell, Fleming, Davis & Menge, Pensacola, for appellee.
PER CURIAM.
Appellant First Commerce Realty Investors is a real estate investment trust, the assignee of a $1,600,000 mortgage. A mortgagee's title insurance policy was issued by appellee Peninsular Title Insurance Company. The title insurance issued by Peninsular Title was in the maximum sum of $1,600,000 and the policy's description of the property included, as did the mortgage, five lots to which the mortgagor did not have title. When the mortgagor defaulted on the payments, a final judgment of foreclosure *511 was sought and obtained. The judgment provided a total sum of $1,567,518.48 was owing to First Commerce, including principal, interest, costs and attorney fees. First Commerce was the only bidder at the foreclosure sale and bid the exact amount of the judgment, $1,567,518.48. Its bid extinguished the debt and satisfied the mortgage. First Commerce filed suit against Peninsular Title, contending the title insurance policy covered its alleged loss due to the defect in title. The trial judge granted summary judgment in favor of the title insurer. We affirm.
Peninsular Title insured First Commerce against loss or damages in an amount not to exceed $1,600,000 if title to the estate was otherwise than as stated. At no time prior to the entry of summary judgment was any evidence presented relating to the value of the five lots.
After judgment was entered favoring Peninsular Title, First Commerce moved for rehearing and attached an affidavit stating that the value of the property, including the five lots, was $1,823,500, while the diminished value was $1,731,500. The value of the property at the time First Commerce acquired it, according to First Commerce's own evidence, was in excess of both the amount of the mortgage and the maximum insured interest. As a result, First Commerce can show no loss which entitles it to indemnification. The dominant characteristic of insurance is the granting of indemnity, or security against, loss for a stipulated consideration. Brock v. Hardie, 114 Fla. 670, 154 So. 690 (1934).
AFFIRMED.
BOYER, Acting C.J., and MILLS and ERVIN, JJ., concur.