447 So.2d 427 (1984)
CMEI, INC., Appellant,
v.
AMERICAN TITLE INSURANCE COMPANY, Appellee.
No. 83-117.
District Court of Appeal of Florida, Fifth District.
March 22, 1984.
J. Lester Kaney of Cobb & Cole, P.A., Daytona Beach, for appellant.
John L. O'Donnell, Jr., of DeWolf, Ward & Morris, P.A., Orlando, for appellee.
COWART, Judge.
This case involves the right of an insured mortgagee, who has acquired title to the security property by foreclosure, to recover from a mortgagee title insurer for title defects when the value of the security property with the title defects still exceeds the balance due the mortgagee when it acquired title.
In 1972 appellee title insurance company issued a policy insuring appellant, as mortgagee, against loss or damage not exceeding $1,475,000, the amount of the secured indebtedness resulting from title defects in the security property. The mortgagor defaulted and in 1978 the insured mortgagee purchased the security property at foreclosure sale and remains the owner of the property. After acquiring the title the insured discovered that the property was subject to two recorded easements not excluded from the mortgagee policy coverage and brought this action on the policy for the amount the insured claims the property is diminished in value by the two easements. The insured admits that the value of the property was more than $1,475,000 in 1978 and has continued to appreciate in value. The trial court entered summary judgment in favor of the insurer and the insured appeals.
This mortgagee policy insures only against loss or damage sustained by reason *428 of an unknown effect in, or lien or encumbrance on, the title and explicitly excludes defects and claims resulting in no loss to the insured. This means the policy insured only against loss of the sum owed, being $1,475,000, resulting from impairment of the title to the security property due to title defects covered by the mortgagee policy.[1] The insured has suffered no such loss.
In Florida, while a title insurance policy insuring the interest of a real estate owner and a title insurance policy insuring the interest of a mortgagee are both contracts of indemnity, under which the insurer agrees to indemnify the insured up to a specific amount against loss or damage resulting from liens, encumbrances or title defects and claims within its coverage, nevertheless, substantive differences between the insured interest of an owner and that of a mortgagee results in a significant difference in what constitutes "loss or damage" under each type of title policy. Title defects and liens directly and adversely affect the property owner because the owner is entitled to the full market value of the property and that value is immediately reduced by outstanding title defects and liens. A mortgagee's loss is measured by the extent to which the insured debt is not repaid because the value of security property is diminished or impaired by outstanding lien encumbrances or title defects covered by the title insurance. Therefore, superior liens or title defects in claims may exist which reduce the market value of the security property (the value to the owner) yet result in no loss or damage to the insured mortgagee because the effect of the title problems does not reduce the value of security property below the amount of an indebtedness secured or because the indebtedness is otherwise secured or paid.
This mortgagee policy provides that if the mortgagee acquires the security property by foreclosure, or in satisfaction of the indebtedness, the policy will continue in force subject to all of its conditions and stipulations. However, contrary to appellant's contentions, this language is inadequate to convert this mortgagee title policy into a standard owner's title policy when the insured mortgagee becomes the owner of the land by foreclosure. In substance the policy continues to provide the same coverage as before subject to all policy conditions and stipulations. Accordingly, we affirm the summary judgment for the insurer because there is no genuine issue as to the fact that the value of the property, the title to which was insured, is above the amount of the indebtedness secured by the insured mortgage interest and is above the maximum insured interest, notwithstanding the two easements and, therefore, the insured has suffered no loss or damage within the meaning of the policy.[2]
ORFINGER, C.J., and DAVIS, S.J., Jr., Associate Judge, concur.
NOTES
[1] See Ring v. Home Title Guaranty Company, 168 So.2d 580 (Fla. 3d DCA 1964); Florida Home Insurance Company v. Braverman, 163 So.2d 512 (Fla. 3d DCA 1964); Goode v. Federal Title and Insurance Corp., 162 So.2d 269 (Fla. 2d DCA 1964).
[2] Our conclusion is consistent with First Commerce Realty Investors v. Penisular Title Insurance Company, 355 So.2d 510 (Fla. 1st DCA 1978), but is contrary to Title Insurance Company of Richmond v. Industrial Bank, 156 Va. 322, 157 S.E. 710 (1931).