186 Ill. App.3d 238 (1989)
540 N.E.2d 357
McHENRY SAVINGS BANK, Plaintiff-Appellant,
v.
PIONEER NATIONAL TITLE INSURANCE COMPANY, Defendant-Appellee (St. Paul Fire and Marine Insurance, Defendant).
No. 2-88-0406.
Illinois Appellate Court  Second District.
Opinion filed March 31, 1989.
Rehearing denied April 27, 1989.
*239 Michael T. Caldwell, of Caldwell, Berner & Caldwell, of Woodstock, and Frederick C. Cappetta, of Cappetta & Shadle, of Oakbrook Terrace, for appellant.
Nancy G. Lischer, D. Kendall Griffith, and William J. Holloway, all of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellee.
Reversed and remanded.
JUSTICE REINHARD delivered the opinion of the court:
Plaintiff, McHenry Savings Bank, filed a two-count complaint in the circuit court of McHenry County against Pioneer National Title Insurance Company (defendant) and St. Paul Fire and Marine Insurance Company (St. Paul) seeking money damages under a mortgage title insurance policy issued by defendant and pursuant to a bond issued by St. Paul. Plaintiff's action against St. Paul was subsequently dismissed with prejudice upon settlement, and St. Paul is not a party to this appeal. The circuit court granted defendant's motion for summary judgment.
Plaintiff raises two issues on appeal: (1) whether there is a material issue of fact as to whether plaintiff suffered a loss as defined in the policy, thereby precluding summary judgment; and (2) whether the trial court misconstrued the provisions of the title insurance policy.
The following facts are derived from the pleadings and documents attached thereto. Defendant issued a title insurance policy to plaintiff as mortgagee of a mortgage executed by Seymour and Tillie Keer (the Keers). The mortgage secured the sum of $56,000. The mortgage was later deemed to be fraudulent because the Keers did not sign it or receive title to the property, and the owner of the property received the loan proceeds as the purchase price of the property but *240 still held title and possession of the property.
As a result of the defective title, defendant filed suit on plaintiff's behalf seeking to foreclose on the mortgage allegedly executed by the Keers or, alternatively, to declare an equitable lien on the property in favor of plaintiff. An equitable lien was established in favor of plaintiff in the amount of $58,796.73 plus costs. Although the record is incomplete regarding this separate litigation, it does contain a "Judgment of Foreclosure and Sale" which indicates that an equitable mortgage was recognized on behalf of plaintiff and further determined that plaintiff had an equitable lien in the amount of $59,019.97, which equalled the unpaid principal balance of $58,796.73 plus costs. This order further gives plaintiff the right to recover from the proceeds of a foreclosure sale an amount equal to its equitable lien. We note at this point that while it appears that the trial court in its judgment of foreclosure and sale and plaintiff in its appellate brief both use the terms "equitable lien" and "equitable mortgage" somewhat interchangeably, they are distinct concepts (see Hargrove v. Gerill Corp. (1984), 124 Ill. App.3d 924, 930, 464 N.E.2d 1226), and, as the parties do not dispute this point, we will use the term "equitable mortgage." Apparently, as a result of this separate litigation, plaintiff received fee simple title to the property. Plaintiff then filed this suit against defendant and St. Paul.
Suing under the title insurance policy, plaintiff seeks $100,000 in damages against defendant and alleges that defendant refused to honor its claim under the policy. Plaintiff's alleged loss includes interest on the mortgage, court costs, attorney fees, and costs incurred for maintenance of the property.
Defendant filed a motion for summary judgment, contending that plaintiff had not sustained any actual loss within the meaning of paragraph 6 of defendant's title insurance policy, that plaintiff's claim was barred by paragraph 7 of the policy, and that plaintiff's coverage was limited by paragraph 11 of the policy, which provides that any recovery is limited to the restrictions of the policy.
In its reply to the motion for summary judgment, plaintiff argued that there was a genuine issue of material fact over the meaning of the insurance agreement and the amount of damages plaintiff had incurred. Plaintiff also contended that the loss it suffered was covered under the policy because the fraud in the mortgage documents caused a defect in the title. This defect resulted in plaintiff having only an equitable lien, thereby losing its right to collect interest on the mortgage. Plaintiff argued that merely limiting it to the amounts recovered in the foreclosure action did not make it whole. The court *241 granted defendant's motion for summary judgment, finding in a written order that defendant had fulfilled its contractual obligations by curing the defects in the title and securing plaintiff's equitable lien on the property.
Plaintiff first contends that summary judgment was improperly granted because there exists a disputed question of material fact. Specifically, plaintiff argues that it alleged a "loss" in its complaint which defendant denied in its answer and, therefore, there is a question of material fact regarding whether plaintiff suffered an actual loss in this case thereby precluding summary judgment. Alternatively, plaintiff maintains that the trial court misconstrued the provision of the policy to the extent that it found that defendant fulfilled its obligation by securing an equitable lien on behalf of plaintiff. In this regard, plaintiff argues that defendant insured not simply the title to the property, but rather, insured against defects in the mortgage lien and plaintiff's ability to secure the underlying debt. Thus, it asserts that it should be able to recover under the policy for the lost opportunity to collect interest under its original mortgage because it was ultimately forced to foreclose on the equitable lien.
 1 Summary judgment is proper where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1987, ch. 110, par. 2-1005(c); Puttman v. May Excavating Co. (1987), 118 Ill.2d 107, 112, 514 N.E.2d 188.) A motion for summary judgment can be an aid in the expeditious disposition of a lawsuit, but it is a drastic means of disposing of litigation and should be allowed only when the right of the moving party is clear and free from doubt. (Purtill v. Hess (1986), 111 Ill.2d 229, 240, 489 N.E.2d 867.) Furthermore, the interpretation or construction of an insurance policy is one of law which is uniquely within the province of the court rather than the fact finder. (United Farm Bureau Mutual Insurance Co. v. Elder (1981), 86 Ill.2d 339, 342-43, 427 N.E.2d 127.) Where the facts are clear and undisputed, it is the responsibility of the court to rule on the legal effect of these facts and determine whether these facts fall within the provisions of the insurance policy. United Farm Bureau Mutual Insurance Co., 86 Ill.2d at 342-43, 427 N.E.2d at 129.
 2 We find plaintiff's first contention on the basis advanced to be without merit. Although plaintiff alleged a loss which defendant denied, such a loss necessarily would have to be a loss as covered by the policy in order for plaintiff to recover. The question of whether plaintiff has suffered a loss as defined in the policy is not a question of fact, but rather, a matter of interpretation of the policy. (United *242 Farm Bureau Mutual Insurance Co., 86 Ill.2d at 342-43, 427 N.E.2d at 129.) Defendant's denial of the allegation does create a question of fact. Although as later discussed there is a factual dispute as to the extent of the loss, whether plaintiff has suffered a loss covered by the policy is a question of law. Thus, summary judgment is not precluded on that basis, and the remaining question is whether defendant was entitled to judgment as a matter of law.
 3 We address next whether plaintiff was barred from recovering under the policy because of a limitation of liability clause in the policy. Paragraph 7 of the "Conditions and Stipulations" portion of the policy states, in pertinent part:
"7. Limitation of Liability
No claim shall arise or be maintainable under this policy
(a) if the Company, after having received notice of an alleged defect, lien or encumbrance insured against hereunder, by litigation or otherwise, removes such defect, lien or encumbrance or establishes the title, or the lien of the insured mortgage, as insured, within a reasonable time after receipt of such notice * * *." (Emphasis added.)
To properly apply the language of subparagraph 7(a), it is necessary to first determine the nature of the interest insured by defendant in this case. Plaintiff contends that it was insured for defects in the lien created by the mortgage. Defendant maintains that it insured only the title. The language of the policy is instructive on this point.
The policy states that, subject to certain exclusions, exceptions, conditions and stipulations, defendant insures against loss sustained by the insured by reason of the following:
"1. Title to the estate or interest described in Schedule A being vested otherwise than as stated therein;
2. Any defect in or lien or encumbrance on such title;
3. Lack of a right of access to and from the land;
4. Unmarketability of such title;
5. The invalidity or unenforceability of the lien of the insured mortgage upon said estate or interest except to the extent that such invalidity or unenforceability, or claim thereof, arises out of the transaction evidenced by the insured mortgage and is based upon
a. usury, or
b. any consumer credit protection or truth in lending law * * *."
In this case, although defendant argues otherwise, it is clear that defendant insured, inter alia, against the invalidity or unenforceability *243 of the lien of the insured mortgage as set forth in paragraph 5 above. Notwithstanding that the policy under paragraph 1 insured where the title was vested otherwise than as stated in schedule A (the Keers), the policy also covered loss or damage resulting from the invalidity or unenforceability of the mortgage lien. See generally Citicorp Savings v. Stewart Title Guaranty Co. (7th Cir.1988), 840 F.2d 526, 529-30; Blackhawk Production Credit Association v. Chicago Title Insurance Co. (1988), 144 Wis.2d 68, 78, 423 N.W.2d 521, 525; Bank of Miami Beach v. Lawyers' Title Guaranty Fund (Fla. App. 1968), 214 So.2d 95, 97.
Subparagraph 7(a) of the "Conditions and Stipulations" states, however, that defendant will not be liable under the policy if it cures any defects in the title, establishes the title, or establishes the lien of the insured mortgage, as insured. As a result of the separate litigation, defendant established an equitable mortgage in favor of plaintiff which entitled it to recover the amount of funds disbursed to the Keers plus costs. The equitable mortgage as established in the judgment below did not, however, provide plaintiff with any interest due it on its loan to the Keers. Had plaintiff's mortgage been valid and had it foreclosed on such mortgage, it would have been entitled to interest due it on the loan. Defendant's establishment of an equitable mortgage in favor of plaintiff did not give plaintiff a valid and enforceable lien as was insured by paragraph 5 of the policy, and, therefore, defendant did not effectively limit its liability pursuant to subparagraph 7(a). (Cf. Citicorp Savings v. Stewart Title Guaranty Co. (7th Cir.1988), 840 F.2d 526 (tendering of deed by insurer did not establish lien of the insured mortgage within meaning of same limitation clause).) To interpret subparagraph 7(a) otherwise would be to render the language as to the mortgage lien superfluous. Moreover, such an interpretation would allow defendant to escape liability under its policy even though it expressly insured against the invalidity and unenforceability of the mortgage lien.
Defendant alternatively argues that plaintiff is not entitled to recover under the policy for its lost interest because, although the policy insured the interest secured by the mortgage, it only provided insurance up to the value of the mortgaged property. Thus, defendant contends, because plaintiff received the value of the mortgaged property pursuant to the foreclosure, it is not entitled to recover under the policy.
The policy limit set forth in schedule A and applicable to plaintiff is $56,000. Paragraph 6 of the "Conditions and Stipulations" portion of the policy states in pertinent part:

*244 "6. Determination and Payment of Loss
(a) The liability of the Company under this policy shall in no case exceed the least of:
(i) the actual loss of the insured claimant; or
(ii) the amount of insurance stated in Schedule A, or, if applicable, the amount of insurance as defined in paragraph 2 (a) hereof, or
(iii) the amount of the indebtedness secured by the insured mortgage as determined under paragraph 8 hereof, at the time the loss or damage insured against hereunder occurs, together with interest thereon."
Pursuant to paragraph 6 immediately above, plaintiff is potentially entitled to recover the least amount of either its actual loss, or the amount of insurance stated in schedule A, or the amount of indebtedness secured by the insured mortgage as determined under paragraph 8 plus any interest due thereon. Based on this record, however, it is impossible to determine the extent of plaintiff's actual loss. While plaintiff has a foreclosure judgment for $59,019.97, plaintiff has received only fee simple title to the mortgaged property. The record does not indicate whether the property has been sold or what the present value of the property is. Without such factual determinations it is impossible to ascertain what actual loss, if any, plaintiff has suffered as a result of the invalid mortgage lien, and, therefore it cannot be determined what the extent of defendant's liability is under paragraph 6. Thus, as a question of material fact exists it would be improper to grant summary judgment in favor of defendant based on the language in paragraph 6.
The judgment of the circuit court is reversed, and this cause is remanded for further proceedings.
Reversed and remanded.
UNVERZAGT, P.J., and INGLIS, J., concur.