888 F.2d 1391
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BANNISTER BANK & TRUST, Plaintiff-Appellant,
v.
AMERICAN TITLE INSURANCE CO., Defendant-Appellee.
 No. 88-6390.
 United States Court of Appeals, Sixth Circuit.
 Nov. 9, 1989.
 
 Before KEITH, MILBURN and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff, Bannister Bank & Trust ("Bannister"), appeals from the judgment of the district court granting a directed verdict for defendant, American Title Insurance Company ("American"), on the issue of damages in this insurance contract dispute.[1]
 
 
 2
 The district court concluded that Bannister's recovery is limited to the extent to which the easement impairs the value of the Brown's Creek tract taking the present amount of the debt and the value of the Dal tract into consideration. The district court rejected Bannister's measure of compensatory damages as the full value of the policy and relied on CMEI, Inc. v. American Title Insurance Co., 447 So.2d 427, 428 (Fla.App. 5 Dist.1984) for the proposition that a continuation clause does not convert a mortgagee's title policy into a standard owner's policy.
 
 
 3
 After careful review of the record and the briefs submitted in this case, we find no error warranting reversal. We, therefore, affirm the judgment of the district court, the Honorable Henry R. Wilhoit, Jr., Eastern District of Kentucky, based upon the Memorandum Opinion and Order of March 28, 1988.
 
 
 
 [1]
 The district court, in its September 21, 1987 memorandum opinion, determined that American is liable to Bannister on a $345,000 title insurance policy. American impaired the value of the property when it failed to discover a recorded gas pipeline easement in the title search. The subject of this appeal was limited to the issue of damages