581 So.2d 213 (1991)
INTERSTATE TITLE CORPORATION, a Florida Corporation, Appellant,
v.
Jeffrey H. MILLER and Susan L. Miceli, Alphonso T. Mauro, the Money Store/Florida, Inc., a Florida Corporation, Appellees.
No. 90-2076.
District Court of Appeal of Florida, Fourth District.
June 5, 1991.
Rehearing Denied July 16, 1991.
*214 David K. Friedman and Don Feldman of Weiss & Handler, P.A., Boca Raton, for appellant.
John L. Korthals of Welch & Korthals, Pompano Beach, for appellees.
STONE, Judge.
The appellant has not demonstrated an abuse of discretion by the trial court's rejecting, as trier of fact, the appellant-defendant's claim of unclean hands and its contention that appellees were guilty of comparative negligence.
However, there was error in the computation of damages. The measure of damages for the appellant's negligence, in failing to record the appellees' mortgage prior to an intervening mortgage, is the resulting extent to which the appellees' security was impaired. E.g., Goode v. Federal Title & Ins. Corp., 162 So.2d 269 (Fla. 2d DCA 1964). The trial court computed damages on the basis of the potential loss under the appellees' note secured by the mortgage.
Therefore, the judgment is reversed. The cause is remanded for recomputation of damages based on the value of the appellees' lost security, that being the actual loss sustained by reason of the failure to timely record the appellees' mortgage, not to exceed the face amount of the appellees' note, plus prejudgment interest.
ANSTEAD and WARNER, JJ., concur.